JACKSON, ex dem. FINK and others, *vs.* HAWKS.

MOTION to set aside a verdict. The trial closed late in the evening, and the jury, by the consent of the parties, were directed, on agreeing to a verdict, to seal the same and bring it into court the next morning. The next morning the jury brought in their verdict, and the counsel for the defendant demanded that they should be *polled,* which the judge (Hon. N. WILLIAMS) refused to permit, and directed the verdict to be entered. The judge certified, that he had adopted the practice of never allowing a jury to be polled where the counsel on both sides had agreed to a sealed verdict and to the jury going at large, and that he stated such practice when it was agreed in this case to take a sealed verdict.

UTICA,
August, 1829.

Jackson
v.
Hawks.

A party is entitled to *poll* the jury, where a sealed verdict is brought in, unless he has expressly assented to waive the right.

The counsel for the defendant now stated that there was no agreement that either party should be precluded from polling the jury, and that he would not have consented to a sealed verdict, had he supposed that he thereby waived his rights.

*S. Forman,* for defendant.

*H. C. Van Schaack,* contra.

*By the Court,* SAVAGE, Ch. J. It is the undoubted right of a party to poll a jury on their bringing in their verdict, and he cannot be deprived of it, but by his express assent. Notwithstanding the practice of the judge, the counsel for the defendant positively states that there was no agreement waiving the right, and that he would not have consented to a sealed verdict had he supposed that he thereby would lose the right of polling the jury. The party, therefore, not having expressly assented, and having been deprived of a right to which he was entitled, the verdict must be set aside ; costs to abide the event.