The defendant's motion that the court direct the jury to find a verdict for the defendant was properly denied.
There was a conflict in the testimony whether or not the whistle was blown at all, or the bell rung, over the distance from the crossing prescribed by the statue.
Both the plaintiff and his son testified positively in the *Page 439 
negative, and their testimony had some support form that of Mrs. Smalley to the same effect; and that there was no bell rung, from that of the witness, Hinckey.
The engineer and fireman both testified positively in the affirmative as to the ringing of the bell over the requisite distance, and to the blowing of the whistle, and their testimony had some support from that of Hinckey, as to the blowing of the whistle.
But which of these classes of witnesses was to be believed; how much the circumstances of the accident added to or detracted from their testimony; how much the reasons given by each for certainty of recollection strengthened or weakened it; these considerations were for the jury alone.
There was not a case presented in which it was for the court to say that the evidence was so clear, that as legal conclusion there was not shown to be negligence on the part of the defendant, or that there was shown to be contributory negligence on the part of the plaintiff. If the witnesses of the plaintiff were to be believed in preference to those of the defendant, then there was negligence on the part of the defendant, without contributory negligence on the part of the plaintiff. The determination of that question was peculiarly for the jury. It was fairly submitted to the jury by the charge of the court. It was not error so to do. (Labar v. Koplin, 4 N.Y., 547.)
The case of Fordham v. Smith (46 N.Y., 683), cited by the defendant, is plainly distinguishable from this.
The case was delivered to the jury late at night, with permission to bring in a sealed verdict in the morning if before that time one had been agreed upon. The jury did agree upon a verdict, reduced it to writing, sealed it, and separated. When it was produced in court on the next day, it was for the plaintiff for $6,000. It was so entered (as the appeal book states it), "on the record of the court." But the foreman of the jury explained that the verdict should bear interest from the date of the former judgment. To this the defendant objected. The plaintiff then polled the jury; *Page 440 
and they not agreeing were directed by the court to retire to their room; to which direction the defendant excepted. The jury afterward came into court for instructions, asking if they could increase the damages above $6,000, if they did not add the interest. The court directed them that they had not as yet agreed upon any verdict which was conclusive, and that they might decide upon any verdict in the case to which they all agreed; and directed them again to retire to their room. To this the defendant excepted. The jury afterward brought in a verdict for the plaintiff for $7,000.
Upon this state of the facts, the defendant insists that there was error. There is no doubt that, at this day, it is not erroneous to permit the jury to separate from time to time during the progress of the trial, and before the case has been finally submitted to them; nor to permit them, when the parties assent and circumstances require it, to agree to a verdict, to reduce it to writing, to sign it, to seal it, to separate, to reassemble themselves together, and to bring the sealed verdict into court at the opening thereof next thereafter.
Nor is there any doubt of the right of either party to poll the jury, on the rendition of a verdict by the foreman, at any time before it is recorded (Fox v. Smith, 3 Cow., 23; People v.Goodwin, 18 J.R., 188); and this, although the verdict has been a sealed one, and the jury have separated before bringing it in; unless the right to poll has been expressly waived. (Bunn v.Hoyt, 3 J.R., 255; 3 Cow., supra; Jackson v. Hawks, 2 Wend., 619; Root v. Sherwood, 6 J.R., 68; 4 N.Y., supra.)
There is no doubt but that a jury after giving in a verdict may, before it is recorded, be sent back to reconsider it; not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance if they so determine and agree. (Blackley v. Sheldon, 7 J.R., 32; Goodwin v.Appleton, 22 Maine [9 Shepley], 453; Sutliff v. Gilbert,
8 Ohio [Hammond], 405; Wolpan v. Eyster, 7 Watts, 38.)
And where a jury has been authorized to bring in a sealed verdict, and has found it, put it in writing, sealed it, has *Page 441 
separated, has the next morning come together in court and given it in; if the verdict be defective, the court may direct them to retire again and reconsider it. (Tyrrell v. Lockhart, 3 Blackf., 136; 8 Ohio, supra; 7 J.R., supra.)
And a witness may be re-examined before them, or the testimony as taken in manuscript read to them; or further instruction given to them by the court on some point of law not before made clear, or not before raised. (Henlow v. Leonard, 7 J.R., 200.)
It will be observed that in the language above used, taken from the decisions in some of the cases cited, the expression occurs, "before the verdict is recorded;" and it will be noticed that the appeal book in this case states that he sealed verdict brought in by the jury "was entered on the record of the court."
We are aware, however, that all that took place which we are now considering was at nisi prius; that the court which tried and disposed for the occasion of this case, was a Circuit Court for the trial of issues of fact; and that the only record which it had, in which its clerk could make entries, was a book of rough minutes, into which was reduced in writing, in a comparatively hasty and temporary from, the different events of the trial in their order; thereafter, on the close and adjournment of the court, to become, by transcription into a more permanent form, a part of the records of the clerk's office of the county in which the trial was had, and so a part of the records of the Supreme Court of the State of New York. The clerk's book of rough minutes, kept by him on his desk at circuit, was that which gathered and retained the material, from which afterward the lasting record of the court was to be made, and doubtless was made.
We all know, from the often repetition of the scene before us, just what usually takes place on the rendition of a verdict of a jury, be it oral, or in writing as a sealed verdict. It is uttered by the foreman of the jury, or read by the clerk from the paper handed in by the jury. It is then entered upon the minutes. The clerk then calls upon the jury to *Page 442 
listen to their verdict as it has been recorded by the court. Perhaps the more technically accurate phrase would be "entered in the minutes." But that is not the end. It is not yet finished and perfected. The clerk still further puts the query: "Gentlemen of the jury, is that your verdict?" And if there is no dissent made, he concludes: "So say you all." And acquiescence tacit, or by sound or sign following, and no question by the court or either party being made, the jury are discharged from the further consideration of that case. Then, the verdict becomes a fixed legal fact, and may not afterward be altered in form or substance by court or jury or officer. It may well be queried: Why, if the entering of the verdict in the minutes by the clerk is the consummation of the trial, should the jury be again by him called upon to listen to it as he has entered it, and to say that it is or that it is not their verdict. We have seen from the cases cited, that up to the last moment, all or any of the jury may dissent from the verdict as announced from the jury box in open court; and that either party may by a poll search the conscience and the will of each juryman; and this interpelation of the clerk is the last solemn, formal act, challenging the attention of each member of the jury, on the instant before the verdict becomes irrevocable and unchangeable. Until that is made, and assent given express or tacit, and the jury dismissed and become no more a jury in the case, the verdict within certain limits, not exceeded in this case, is within the power of the jury, and to a certain extent within the direction of the court.
And so it is laid down in the text books. (See 3 Robinson's Cr. Prac., 268, as cited in Graham and Waterman on New Trials, 3d vol., p. 1408, note; 1 Chit. Cr. Law, 635, 636; 1 Bishop Cr. Pro., § 829.)
And so it is declared in the cases: In Regina v. Vodden (22 Law Eq., 596), on a trial of a prisoner for felony, a juryman by mistake delivered the verdict as "not guilty," when the jury meant "guilty," which verdict of not guilty was entered by the clerk of the peace on his minutes, and by *Page 443 
the chairman of the sessions in his note-book. The prisoner was thereupon discharged out of the dock. Others of the jury interfered and said the verdict was guilty. The prisoner was brought back into the dock, and the jury asked what their verdict was, and all the twelve answered that they had been unanimous for a verdict of guilty. And a verdict of guilty was directed to be recorded, and the prisoner was sentenced. On review the conviction was sustained. PARKE, B., said that a verdict is not recorded until it is put upon parchment; and that recording the verdict, means recording the verdict to which the jury have agreed. And POLLOCK, C.B., stated that the form used to be: "Gentlemen of the jury, listen to your verdict while the court records it. You say that the prisoner is not guilty; and that is the verdict of you all." And in Rex v. Parkin (1 Moody, Crown Cases Reserved, 45), it was held that the mere entry of the verdict by the clerk in his book does not necessarily constitute a final recording of it. See, also, Rex v. Justices ofSuffolk (5 Nev. Man., 139); Regina v. Meeny (1 Leigh C., 213, 214-216; S.C., 9 Cox C.C., 231); McGregg v. State (4 Blackf., 101); Waters v. Jenkins (16 Sergt. R., 414).
In Ward v. Bailey (23 Maine [10 Shepley, 316]), the jury had rendered a verdict, and "it had been received and entered on the docket." But on questioning the foreman, it appeared that the jury had misconceived the meaning of the terms used in their verdict. They were permitted to correct the mistake, and the minutes of the clerk were altered accordingly. And on review this was held to be no error.
The fact that the verdict has been announced, and has been as announced entered in the minutes of the clerk, is not that recording which makes the announcement and the clerical act the fixed and unalterable verdict of the jury.
The true rule is laid down in the opinion in 16 Sergt. R. (supra), that after the verdict has been received and entered upon the minutes, and the jury has been dismissed, they have not the power to be reassembled and alter their verdict. And seeSargent v. The State (11 Ohio [Stanton], 472). *Page 444 
Before they have been dismissed from their relation to the case as jurors in it, their power over their verdict remains, and their right to alter it so as to conform to their real and unanimous intention and purpose.
We perceive no error done at the circuit in the conduct of the court and jury.
It is evident, from the statement in the appeal book, that the jury or some of them meant to award to the plaintiff more than the sum of $6,000, which was the whole amount mentioned in the sealed verdict. The foreman expressed this intention, when he said that the verdict (the $6,000) should bear interest from the date of the former judgment, which, as may be inferred from the charge, had been rendered in the case in favor of the plaintiff, and had been set aside, and this new trial ordered. When the jury on the demand of the plaintiff were polled, and were found not to then agree to the finding as contained in the sealed verdict, or as explained by the foreman, it was the duty of the court to send them to their room to reconsider, and agree if might be. It was the privilege of the jury to come again into court and ask instruction. The court committed no error in the fact of giving instruction, nor in the particular instruction given. There had been as yet no conclusive verdict rendered; they had still to agree on verdict. The verdict to which they at the last agreed corresponded with the finding in the sealed paper, in that it was for damages for the plaintiff. It fell short of the amount which would have followed from adherence to the statement of the foreman. It was not by far, so complete a variance, as that of guilty instead of not guilty on an indictment for a felony, nor greater than in some other of the cases hereinbefore cited.
There is nothing to show that harm came to the defendant from all that transpired.
The judgment appealed from should be affirmed, with costs to the respondent.
All concur, CHURCH, Ch. J., not sitting.
Judgment affirmed. *Page 445