F. M. JAMES ET AL. *v*. THE STATE TO USE OF JOHN DOSS,
TREASURER, ETC.

1. SHERIFF. *Bond as tax-collector. Valid, when.*
   Where a sheriff gives bond, as sheriff, before the commencement of his term, but does not give his bond as tax-collector till several months after the com—mencement of his term, the latter will not be considered a voluntary and void bond under our statutes, but the tax-collector and his sureties may be sued upon it, and recovery had for any default made by him after its execution.

2. PRACTICE. *Refusal to poll a jury.*
   The refusal of the court to poll the jury, upon the request of a party in the case, is error, for which this court will reverse the judgment.

3. SAME. *Right to poll the jury.*
   The right to have a jury examined by the poll is recognized in civil and criminal cases alike.

4. SAME. *Verdict returned to clerk. Separation of jury. Case in judgment.*
   While the court was taking a recess the jury returned their verdict to the clerk, without the consent of the parties, and then dispersed for thirty minutes and discussed the verdict with many persons; after which the jury was recalled, and, in answer to an inquiry by the court, stated that they had agreed upon a verdict, which was then handed to the court. *Held*, that these irregularities did not vitiate the verdict.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

F. M. James was elected sheriff of Chickasaw County, for the term commencing January 1, 1872, and executed his bond as sheriff, which was duly approved, before entering upon the duties of his office. On September 10, 1872, he executed a bond as tax-collector. This action was brought in October, 1873, to recover of James and his sureties, on his bond as tax-collector, county taxes collected by him after the execution of this bond, and which he had failed to pay over to the county treasurer. The defendants below objected to the admission of the bond sued on in evidence, on the ground that it was voluntary and not required by law, as the defendant James had given a sheriff's bond which was then, and had been during his term, in force. The objection was overruled, and the defendants excepted.

The verdict was against the defendants, and they made a motion for a new trial. In support of the motion it was proved that, during a recess of the court, the verdict was returned to the clerk, without the consent of the defendants, and that the jury then dispersed for thirty minutes or more, and discussed with many persons the verdict rendered by them; after which they were recalled by order of the court, and, in answer to an inquiry by the court, stated that they had agreed upon a verdict, which they handed to the court. The motion was overruled, and the defendants excepted.

*Tucker & Harper*, for the plaintiffs in error.

1. It has been held that a sheriff is liable upon his bond, executed, as sheriff, before entering upon the duties of his office, for taxes collected by him and not paid over. *Byrne* v. *The State*, 50 Miss. 693; *Taylor* v. *The State*, 51 Miss. 79. If, then, the sheriff is bound on his bond as sheriff, for taxes collected by him, and the office of tax-collector does not become vacant by the failure to give bond as tax-collector, it follows that there was no consideration or inducement for giving the tax-collector's bond in this case. The bond sued on is purely voluntary and without consideration. Such a bond, to be binding, must be executed before the officer enters upon the duties of his office. *DeSoto County* v. *Dickens*, 34 Miss. 150.

2. It was error in the court to refuse to poll the jury or to allow it to be polled, when requested to do so by the defendants below.

3. The jury separated, and talked to divers persons about their verdict, before it was rendered in open court; and, before it was agreed upon, they had separated, and a part were in one room and the rest in another room, and persons were talking with them. The proof shows that the jury had ample opportunity to converse with other persons in regard to the case, and we need not show that they did actually discuss it.

*Martin & Bates*, on the same side.

*B. F. Owen*, on the same side.

No attorney appears on the record in this court for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The validity of the bond sued on in this case is maintained in the case of *Harris* et al. v. *The State to use, etc.*, *ante*, 50, and upon the evidence submitted to the jury, without objection, the plaintiff was entitled to recover. The instructions, as applied to the evidence, are correct, but we feel constrained to set aside the verdict because of the failure of the court to comply with the request of the plaintiffs in error to " poll the jury " on receiving the verdict.

A verdict is the unanimous decision made by a jury, and reported to the court. Examining the jury by the poll is the only recognized means of ascertaining whether they were unanimous in their decision, and the right to do this must exist. It is affirmed in criminal cases, and is equally applicable in civil cases. In no other way can the right of parties to the concurrence of the twelve jurors be so effectually secured as by entitling them to have each juror to answer the question, "*Is this your verdict?*" in the presence of the court and parties and counsel. By this means any juror who had been induced in the jury-room to yield assent to a verdict, against his conscientious convictions, may have opportunity to declare his dissent from the verdict as announced. Parties should have the means to protect themselves against the consequences of undue influences of any sort, which, employed in the privacy of the jury-room, may extort unwilling assent to a given result by some of the jury. Less evil is likely to result from upholding the right to have the jury examined by the poll than from denying it. The modern relaxation of the rules as to what irregularities of the jury will vitiate a verdict makes it more important to preserve the only allowable means of ascertaining if the verdict as announced is the unanimous decision of the jury. *Fox* v. *Smith*, 3 Cow. 23 ; *Jackson* v. *Hawks*, 2 Wend. 619 ; *Johnson* v. *Howe* et al., 2 Gilm. 342 ; *Rigg* v. *Cook*, 4 Gilm. 336.

The separation of the jury in this case did not vitiate the verdict. According to the old rule it would, but a sounder view now prevails. 2 Gra. & Wat. on New Tr. 547.

Judgment reversed, new trial granted, and cause remanded.