Barnard, P. J.
The Rockaway Beach Improvement Company was incorporated under chapter 611, Laws of 1875. The defendants were two of its directors. As such they signed and swore to the certificate that the capital stock, $700,000, had been paid in. By the 21st section of the act, if a certificate be false in any material representation, those who sign it are held jointly and severally for all the debts of the corporation contracted while they are officers.
The plaintiff was a creditor of the corporation, holding a debt contracted while the defendants were officers, and he claims to recover of the defendants because of the falsehood contained in the certificate signed by the defendants that all the stock was paid in. The jury have found the allegation of falsehood established by the evidence, and it is abundant to sustain this finding. The defendant, Attrell, *498 bought the land of one Littlejohn, for $80,000, paid for by $8,000 cash and $72,000 by mortgage.
A part of this land was retained by Attrell, and the remainder was conveyed to the Improvement Company for $700,000, and this is the only way that a dollar was paid in.
At the time of the filing of the certificate that the stock was fully paid in, the company was indebted for nearly $1,000,000, and had nothing to represent property except an unfinished hotel at Rockaway Beach.
The value of the land conveyed to the Improvement Company was the subject of great dispute upon the trial. According to the evidence as returned the opinion of witnesses differed between $300 an acre to $8,000. The jury have found that it is of so little value as compared to $700,000, the amount it was put in for, that the parties who made the certificate made a certificate false in a material representation. The rise was too great between July, 1879, when it was purchased, and April, 1880, when it was sold to the company. Attrell, who bought the property, is in no worse position than Santler. They both signed the false certificate, and while Attrell can be seen to have had the more complete knowledge of the facts attending the purchase, Santler must have known that the property was not worth as much as $700,000. He was a director, and was called upon to know the truth of his official oath, and the jury have found that he overestimated the property in the certificate with guilty knowledge of the falsehood of the oath taken.
The plaintiff’s right to recover being established, it was a case where he was entitled to recover his entire claim.
The judge had not lost power over the jury by their agreement and discharge upon sealing a verdict. He still had power to get the correct legal verdict from them. Warner v. N. Y. C. R. R. Co., 52 N. Y., 437.
The rule in respect to the proof of value of property is Well settled. It is not by comparison with other seaside properties that this property is to be valued. If a witness, from knowledge of the properties, can say that he is acquainted with the value of the property in dispute, his evidence is to be taken and go the jury.
No such proof was rejected.
The judgment and the order denying a new trial should be affirmed, with costs, and the order refusing to set aside the judgment for irregularity should be affirmed, with costs and disbursements.
Dykman, J., concurs.