## DISTRICT OF COLUMBIA v. HUMPHRIES.

APPELLATE PRACTICE; DISMISSAL OF APPEAL; TRIAL PRACTICE; VERDICT, RENDITION OF; RULES OF COURT.

1. Where the lower court extends its term thirty days from the entry of an appeal within which to settle bills of exception, but fails to settle them until more than two months elapse, at which time thirty days additional are given the appellant to file the transcript of the record in this court, the appeal will be dismissed here for violation of Rule XIV, which provides that the transcript must be filed in this court within forty days from the time of the appeal entered and perfected in the court below.

2. The verdict of a jury, whether oral or sealed, can not be received

from eleven of the jurors, one of the number being absent, the right to poll the entire jury being an absolute right in either party.

3. A sealed verdict so rendered is a mere nullity and of no effect, but *quære,* whether a judgment rendered upon such a verdict is void or only voidable.

4. Where a transcript of the record on an appeal from such a judgment is filed in this court after the forty days prescribed by the rule, on a motion to dismiss the appeal the judgment will not be declared to be an absolute nullity, but the appeal will be dismissed, and the appellant left to his remedy, if he has one, by motion under Section 6, of the Maryland Act, 1789, Chapter 9, providing for setting aside judgments founded in irregularity in obtaining the same.

5. A rule of this court is the law of the court, as it is of the parties, and there is no dispensing power in the court to meet what is supposed to be the pressing exigency of a particular case.

No. 671. Submitted April 28, 1897.   Decided May 10, 1897.

HEARING on a motion by the appellee to dismiss the appeal upon the ground that the transcript of record was not filed within the time prescribed by Rule XIV of this court. *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Arthur A. Birney* for the motion.

*Mr. Sidney T. Thomas,* Attorney for the District of Columbia, and *Mr. Andrew B. Duvall,* Assistant Attorney, opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The motion is to dismiss the appeal. In the first instance, the motion was made by the appellee, Elizabeth M. Humphries, the plaintiff below, to docket and dismiss the appeal under Rule XIV of this court, upon the ground that no transcript of the record had been filed here within the forty days prescribed by that rule. But this court being advised that the subject of the exception taken by the appellant, the District of Columbia, was still under consideration by the court below, and not then settled, action of

this court was deferred upon that motion. And before action had upon that motion, a transcript of the record was filed by the appellant, whereupon a motion to dismiss the appeal was made upon the ground that the transcript had not been filed by the appellant *within forty days from the time of the appeal entered and perfected* in the court below. According to the transcript filed, the only entry of an appeal appears of date the 4th of January, 1897, and of the same date there appears the entry of the extension of the term of court for *thirty days* within which to settle bills of exceptions, under the rule of the court below. The bills of exception were not signed within the thirty days, but were signed, *nunc pro tunc*, the 8th day of March, 1897, and *from that time*, by the order of the court, thirty days were given within which to file the transcript of the record in this court. This, however, was not in accordance with the rule of this court; and the transcript was not produced and filed in this court until March 27, 1897—nearly three months from the time of the appeal entered.

It appears that there was some dispute or misunderstanding between the counsel of the parties in respect to the matter of settling the bills of exception, and affidavits were filed. But that does not sufficiently account for the delay, or take the case out of the operation of the rule of this court. There was ample time, as well as ample means, for settling the bills of exception within the time prescribed.

The case as now before us presents the question, whether the verdict and judgment as entered in the court below have validity, such as to entitle them to be enforced, if unreversed by this court; or whether they are not mere nullities, without any force or effect whatever.

The case was tried by a jury; and the record contains this entry in respect to their verdict, and the circumstances under which it was received by the court:

"Come here again the parties aforesaid, in manner aforesaid, and the same jury return into court, except John T.

Wright, who does not appear, and, having said sealed verdict in his possession as foreman, sends the same to the court by Dr. McWilliams, who delivers the same to the court with the statement that the said John T. Wright is ill and confined to his bed and physically unable to appear in court; that he, said McWilliams, is his attending physician, and as such received from said Wright said sealed verdict with directions to deliver it to the court. Whereupon the defendant, by its counsel, objected to the reception, opening, and reading of said sealed verdict; whereupon, in answer to the questions of the court, the remaining jurors severally on their oath say, that they severally signed said verdict, and that they saw said John T. Wright sign the same, and that the name 'John T. Wright,' signed thereto, is in his handwriting; ' thereupon the remaining jurors on their oath say they find said issue in favor of the plaintiff and assess her damages by reason of the premises at seven thousand dollars ($7,000).'

"The counsel for the defendant ask that the jury be polled, which is done, and each of said remaining jurors on his oath says that he finds said issue in favor of the plaintiff, and assesses her damages by reason of the premises at $7,000."

This proceeding seems to have occurred on the first day of December, 1896, and on the 4th day of that month, the defendant moved in arrest of judgment; and one of the grounds assigned for the motion was, that there was no verdict returned by the jury upon which judgment could be rendered.

This motion was overruled, and thereupon the court proceeded to render judgment upon the verdict, and adjudged that the plaintiff recover against the defendant $7,000 damages, in manner and form aforesaid assessed, etc. From this judgment an appeal was noted, and it is the only entry of an appeal that appears in the record.

Subsequently, that is to say, on the 22d of January, 1897,

the plaintiff moved the court "to correct the entry upon its record of the verdict rendered, by setting out therein at length the written verdict returned under seal, because she says the said. verdict or any recital of its contents do not now appear in said entry or any other entry." Upon this motion, the court ordered that the original entry of the verdict be corrected, "now for then, by striking therefrom the following, which was inadvertently entered, to wit: 'Thereupon the remaining jurors on their oath say they will find said issue in favor of the plaintiff and assess her damages by reason of the premises at $7,000,' and insert in lieu thereof the following, as ordered recorded by the court at the time said verdict was rendered, to wit: 'And thereupon the court receives said sealed verdict as the verdict of the jury and orders the same spread upon the minutes, and the same is in the following words.'" Then follows the sealed verdict that was returned, signed by the twelve jurors. To this order of the court, directing the correction of the verdict, in the particular mentioned, the defendant objected, and noted an exception to the action of the court.

Upon this verdict as corrected under the order of the court, there was no new judgment entered; but the judgment as originally entered, upon the first entry of the verdict as of the eleven jurors, was allowed to stand.

As will be observed, the only change in the original entry of what purported to be the verdict was in placing upon record the paper signed, and sealed up by the twelve jurors, in place of the entry of the oral verdict of the eleven jurors as delivered in court, in which oral verdict, as delivered, it was declared that "the *remaining jurors* on their oath say, they find said issue in favor of the plaintiff and assess her damages by reason of the premises at seven thousand dollars;" and when counsel for the defendant asked that the jury be polled, there were only eleven jurors present to respond to the call. The verdict, therefore, as delivered in court, where only it could be delivered, was the.

verdict of eleven jurors instead of twelve; and such verdict was accepted against the objection of the defendant. The subsequent incorporation of the written and sealed paper, signed by the twelve jurors out of the court the day before the oral verdict was delivered in the court by the eleven jurors, did not cure the defect of the verdict delivered by the eleven only. The fact remains of record, and about which there is no question, that the foreman with whom the sealed verdict had been left, upon the separation of the jury, did not appear in court, and did not, therefore, deliver the verdict in court, and did not, when the jury were ordered to be polled, respond to the inquiry whether the verdict was his. Whether the verdict be reduced to writing and sealed up and brought into court, or delivered orally by the mouth of the foreman, in either case, the jury should be called upon by the clerk of the court to hearken to their verdict as the court hath recorded it, reading it to them, and if they all assent or remain silent, the clerk concludes by saying, "and so you all say." This gives each juror a final and last opportunity to make known or express his dissent from the verdict as delivered. But as a further protection and safeguard to the parties, it is an established practice in the courts of this District, as it is in the courts of the State of Maryland, and of the courts of many of the other States of the Union, and also of England, that either party has the right to have the jury polled, on the rendition of the verdict by the foreman, at any time before it is finally recorded; and this, although the verdict has been a sealed one, and the jury have separated before bringing it in; unless the right to poll has been *expressly waived. Bunn* v. *Hoyt,* 3 Johns. 255; *Root* v. *Sherwood,* 6 Johns. 68; *Fox* v. *Smith,* 3 Cow. 23; *Jackson* v. *Hawks,* 2 Wend. 619; *Labar* v. *Koplin,* 4 N. Y. 547; *Blackley* v. *Sheldon,* 7 Johns. 33; *Rigg* v. *Cook,* 9 Ill. 351; Thompson & Merriam on Juries, Secs. 337, 338. This subject is very fully and ably examined by Judge Folger in the case of *Warner* v. *The N. Y.*

*Central R. Co.,* 52 N. Y. 437, where it was held that the verdict can only be received from the jury in court, in the presence of the parties, if they think proper to be present, and that it is the right of either party to have the jury polled, unless that right be expressly waived, and that such right is not waived by simply agreeing that the jury may return a sealed verdict.

The right to poll the jury is regarded as an absolute right in either party, and the refusal of the trial court, upon request to have the jury polled, is such an error as will require the appellate court to reverse the ruling.   *James* v. *State,* 55 Miss. 57.   In this last case mentioned it was said said by the court: "Parties should have the means to protect themselves against the consequences of undue influence of any sort, which, employed in the privacy of the jury room, may extort unwilling assent to a given result by some of the jury.   Less evil is likely to result from upholding the right to have the jury examined by the poll than from denying it.   The modern relaxation of the rules as to what irregularities of the jury will vitiate a verdict makes it more important to preserve the only allowable means of ascertaining if the verdict as announced is the unanimous decision of the jury."

In the case of *State* v. *Young,* 77 N. C. 498, where the question was raised as to the right of a party to have the jury polled, the court said: "The right of the judge to poll the jury is immemorial, and has never been questioned, so far as we are informed.   We can see no good reason why it should be denied to the defendant, and we cannot conceive a case in which any harm would result from the exercise of it under the direction of the court, and experience shows that notwithstanding the response of the foreman for the jury, there are cases in which individual jurors refuse to assent on being polled.   How is the defendant to know that this is really the verdict of all, and that no one has been deceived or coerced into an assent to that which his

judgment does not now concur in? There is no mode of ascertaining this fact except by the evidence of the jurors themselves when they come into court. . . . At this time any juror can retract on the ground of conscientious scruples, mistake, fraud, or otherwise, and his dissent would then be effectual. This right is surely one of the best safeguards for the protection of the accused, and as an incident to jury trials would seem to be a constitutional right, and its exercise is the only mode of ascertaining the fact that it is the verdict of the whole jury."

The right to a poll of the jury being established, it follows, as by necessary implication, that the party demanding the polling is entitled to the concurring judgment of each individual juror of the entire panel of twelve, openly expressed in court, in the verdict rendered; and in the absence of such unanimous verdict, there can be no valid verdict at all, and the verdict of eleven only is simply void and without effect. It is no more the verdict of the jury sworn and charged to try and determine the case than would have been the verdict of any less number than the whole panel; say six or seven of the twelve. In this case the jury were instructed to render their verdict in court, and, indeed, it could be rendered nowhere else, without express consent of the parties; and when the jury were polled only eleven of the panel responded, and consequently, in the absence of express consent of the defendant, there could be no verdict rendered.

A case almost exactly in point with the present is the case of *Norvell* v. *Deval*, 50 Mo. 272. In that case, after a sealed verdict was returned, but before it was opened, one of the jury became insane. The court received the verdict in the presence of the rest of the jury, and denied a request to have them polled. This was held to be error, and that a *venire de novo* should be granted. In that case, the court said, what is entirely applicable to the present case, that "A jury in a court of record must consist of twelve men. If, after a jury is sworn, one of them dies or is rendered incompetent

by insanity or otherwise, no verdict can be rendered, and a
new jury must be ordered.  They must all be present in
court when the verdict is rendered.  This has always been
the universal practice, and it would be dangerous to the
rights of litigants to adopt any other rule.  Either party
has the right to poll the jury.  It makes no difference
whether the verdict is signed by all the jurors or only by
the foreman.  The parties have the right to know of each
juror whether the verdict rendered is his, and this can only
be done by polling the jury before they are discharged.  The
verdict is not perfect till it is delivered to the court by the
jury in the presence of all of them.  The verdict in this case
ought not to have been received from the eleven.  The
proper course would have been to discharge the jury on ac-
count of the insanity of one of them, and let the case be
tried by another jury."

The appellee has insisted that there is no absolute right
in the parties to have the jury polled, and that a verdict
delivered to and received by the court, under the circum-
stances of the delivery of the verdict in this case, is not void,
but at most only irregular; and several cases have been
cited in support of that contention.  But the cases cited are
quite different from the present.  The case most relied on
is that of *Koon* v. *Insurance Co.*, 104 U. S. 106, 107.  That
case, however, is no authority for what has been done in
this.  That was not a case of a verdict of eleven jurors only,
delivered upon the polling of the panel, when one of the
number was absent.  But in that case there was a stipula-
tion that the jury might, when they had agreed on their
verdict, if the court should not then be in session, sign and
seal up the same and deliver it to the officer in charge and
disperse; and it was held that such a stipulation was equiva-
lent to an agreement that the court might, when the sealed
verdict was handed in by the officer, open it in the absence
of the jury and reduce it to proper form; and, further, that
the stipulation *was a waiver of the right to poll the jury, if they*

*should not be in court.*    That case, so far from being an authority to support the contention of the appellee, would seem to fully recognize the right to have the jury polled and to require that the jury should deliver their verdict in court, in the absence of a stipulation waiving those rights.

It being clear that the verdict rendered in this case was a mere nullity and of no effect whatever, the next question is, whether the judgment of the court rendered thereon is also a mere nullity—whether wholly void, or voidable merely? If voidable only, the judgment would be effective until reversed or vacated ; and as there may be some doubt as to that question, we shall not declare the effect of the judgment on this motion to dismiss. The motion to dismiss the appeal under Rule XIV of this court, is based upon the assumption that there is an effective judgment in the court below, and the object of the motion to dismiss is to get rid of the appeal, so that the judgment may stand and be enforced as recovered in the trial court. If, however, it were plainly manifest that the judgment appealed from was simply void, and not merely voidable, it would be the duty of this court so to declare, even on a motion to dismiss the appeal under the rule, and thus avoid the necessity of other or further proceedings to have the judgment declared a nullity. Its existence as an effective judgment is the foundation of the motion to dismiss the appeal, and if that foundation does not exist, the motion to dismiss the appeal ought not to prevail. But as there may be a question as to whether the judgment here is an absolute nullity, because of the void verdict upon which it was rendered, and as the transcript of the record was not produced and filed in this court within the time prescribed by the rule, so as to enable this court to review the rulings of the court below as set out in the bills of exception, we must dismiss the appeal and leave the defendant to its remedy by motion, under Section 6 of the Maryland act of 1787, Ch. 9, in force here, which provides for setting aside judgments founded in

*irregularity* in obtaining the same, and for continuance and retrial of the action.                    *Appeal dismissed.*

On May 17, 1897, *Mr. Thomas* and *Mr. Duvall*, on behalf of the appellant, filed a motion for rehearing.

On June 17, 1897, the motion was denied. Mr. Chief Justice ALVEY delivered the opinion of the Court:

The motion in this case that the court shall finally dispose of the case on the appeal of the defendant, instead of dismissing the appeal on the motion of the plaintiff under the rule, can not be granted. The rule of court is the law of the court, as it is of the parties, and there is no dispensing power in the court, simply to meet what is supposed to be the pressing exigency of a particular case.

The appeal taken in this case immediately upon the entry of the judgment was in no manner dependent upon the settlement and signing of a bill of exceptions to the ruling of the court upon the evidence. There had been a motion in arrest of judgment, founded upon the distinct ground that there had been no valid or lawful verdict of the jury, and that there could be no valid judgment rendered. That motion was overruled and a judgment was entered; and that presented the question of the validity of the verdict and of the judgment thereon; and if the appeal had been presented to this court in proper time the question of the validity of the judgment so rendered would have been open here on such appeal. But instead of prosecuting the appeal upon that state of the record, delay occurred and a contest arose in the matter of settling the bill of exception, and consequently, the transcript was not filed in this court within the time prescribed by the rule of this court, and the appellee, the plaintiff below, claimed the enforcement of the rule both by motion to docket and dismiss, before the transcript was filed, and by motion to dismiss after the transcript was filed out of time.

This right to dismiss we have no power to refuse, unless we were to hold the judgment to be an absolute nullity, which we have declined to do on a motion to dismiss the appeal under the rule. The rule would be of no force or effect if the transcript could be filed at any time after the appeal entered. The time prescribed by the rule must be given full force as a limitation of time for filing the transcript; that is the clear meaning and tenor of the rule.

Whether the judgment entered on the verdict can be vacated or set aside by the court below, under the Maryland statute of 1787, after the lapse of the term at which the judgment was entered, as can be done, according to the construction of the statute and the practice thereunder, of the Maryland courts, is a question that cannot influence the court in determining the question as to the right to entertain the appeal. The Supreme Court of the United States in the case of *Phillips* v. *Negley*, 117 U. S. 665, while holding that an application to the court rendering the judgment to vacate or set aside the judgment for causes mentioned in the statute, can only be made during the term at which the judgment was rendered, have pointed out the methods by which an irregular or voidable judgment may be relieved against; but the appellant must determine what remedy it will invoke.                    *Motion denied.*