(30 Misc. Rep. 208.)

### RAFEL v. McDERMOTT.

(City Court of New York, General Term. December 27, 1899.)

VERDICT—AMENDMENT—INTEREST.

    Where a jury has failed to allow interest to which plaintiff is entitled, the court can add it to the verdict, and require a new verdict to be rendered for the damages, with interest added.

Appeal from trial term.

Action by Sara Rafel against Charles McDermott. From a judgment for plaintiff entered on a verdict, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

J. Baldwin Hands, for appellant.
Sampson H. Weinhandler, for respondent.

SCHUCHMAN, J.   This action was brought to recover the sum of $300, with interest thereon from November 1, 1896, being the amount of rent alleged to be due on a lease made by the defendant with the plaintiff.   The answer is a general denial.   The proofs at the trial show that the parties litigant made a verbal lease for one year from May 1, 1896, at the yearly rental of $600, to be payable in monthly installments in advance, and that the defendant has not paid the rent for six months from November 1, 1896, to May 1, 1897. The appellant maintains that the court had no power to add interest to the jury's verdict.   After the jury had rendered their verdict, interest was added to the verdict; and the jury was again asked to render their verdict for the amount of damages, with the interest added, and for the total amount the verdict was recorded.   This the court had power to do.   Warner v. Railroad Co., 52 N. Y. 437.   In the case of Barber Asphalt-Paving Co. v. New York Postgraduate Medical School & Hospital (decided by Mr. Justice Daly in October, 1897) 62 N. Y. Supp. 392, it was held that "where the plaintiff is entitled to interest, and the jury has failed to allow it, the court may, on motion made, add interest to the verdict."

Exhibit B, the letter of the defendant's wife, was properly admitted in evidence, because the defendant testified, "I authorized my wife to do so."

None of the exceptions present reversible error.

Judgment and order appealed from affirmed, with costs and disbursements.

FITZSIMONS, C. J., concurs.