WILLIAM WOLFERSHEIM, Appellant, v. THOMAS P. B. KENNEDY, Individually and as Administrator, etc., of JOSEPH A. C. KENNEDY, Deceased, Respondent. ORVILLE LA MOUNTAIN, Appellant, v. THOMAS P. B. KENNEDY, Individually and as Administrator, etc., of JOSEPH A. C. KENNEDY, Deceased, Respondent. CHARLES WOLFERSHEIM, by His Guardian ad Litem, HELEN WOLFERSHEIM, Appellant, v. THOMAS P. B. KENNEDY, Individually and as Administrator, etc., of JOSEPH A. C. KENNEDY, Deceased, Respondent.— This is an appeal from an order denying a motion in three actions for a new trial under section 552 of the Civil Practice Act because of the irregularities consisting of the failure of the trial judge, on account of his absence, to give instructions to the jury and for failure to have the jury polled. The record shows that the three actions were tried together on Friday and that the jury was sent out somewhere near the noon hour. At four o'clock they had not agreed and sealed verdicts were consented to be used by the attorneys for all the parties to the actions and the jury was directed to bring in sealed verdicts. Somewhere a little after six o'clock the jury rapped, one of the court officers answered the rap, they said that they wanted some instructions from the judge and the officer told them that he would attempt to find the judge. An attempt was made by Mr. Prior and Mr. Harvey, representing the plaintiffs, in which they did not succeed in locating the judge. The officer then determined to take the jury out to supper believing that the judge could be located during the supper hour. He went to the jury room and before reaching the door heard a rap and upon opening the door found the jury with their coats and hats on and they said that they had agreed upon a verdict and he permitted them to go home. This was at seven-ten o'clock. On Monday morning the jury came into court and the sealed verdict was opened and read. The sealed verdict was signed by the entire jury. From the stenographer's minutes it appears as follows: " Mr. Harvey: At this time, your Honor, I would like if possible to have the jurors polled. The Court: They have all signed the sealed verdict. Mr. Harvey: I make my motion on the Judge's Minutes and on all exceptions taken by the plaintiff in each case, I move to set aside the verdict and for a new trial on the ground that it is against the law, against the weight of evidence, and further on the grounds stated in section 549 of the Civil Practice Act. The Court: I will deny the motion and you may have an exception." The judge in his opinion says: " There was no denial of this request, but the court did say to counsel ' all twelve have signed the verdicts.' Counsel for the plaintiffs [Mr. Harvey] then stepped up to the bench and examined each of the three sealed verdicts and said, ' Oh, all twelve have signed.' He then stepped back to the counsel table and made his motion to set aside the verdicts." There is no occasion to set aside the verdicts and grant a new trial because the court did not give the jury the instructions which they at one time wanted but succeeded in reaching a verdict without the

instructions. The right to poll the jury was duly waived after the attorney for the plaintiffs had examined the sealed verdicts and is not a ground for a new trial. (*Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 437; *Labar* v. *Koplin*, 4 id. 547.) Order affirmed, with ten dollars costs and disbursements. Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents.