JOHANNA FAHEY et al., Plaintiffs, *v.* SOUTH NASSAU COMMUNITIES HOSPITAL, Defendant.

Supreme Court, Trial Term, Nassau County, January 30, 1950.

*Meyer F. Goodman* for plaintiffs.

*Evans, Rees & Orr* for defendant.

HOOLEY, J. Motion for an order setting aside the verdict of the jury in favor of the defendant and for a new trial.

The basis of the motion is that the Justice presiding at the trial was not available during the deliberations of the jury for the reading of certain testimony and portions of the charge to the jury and that the verdict was thereafter rendered without the benefit of such reading.

The case was submitted to the jury at about 12:30 P.M., on January 12, 1950. At 4:20 P.M., the court summoned the two lawyers and stated that the court was ordering a sealed verdict to be opened on the following day. January 12th fell on Thursday and there was sufficient business before the court for the following day so that the return of these jurors was not required. The court requested the attorneys for both parties to stipulate that the sealed verdict be opened at 10:00 A.M. on the following day, not in the presence of the jury and that polling of the jury be waived. Both counsel so stipulated. No objection was made by either counsel. The court then adjourned for the day and the stenographer and counsel departed. While the Justice was in the court house, which was up to 4:30 P.M., no one communicated to him that the jury desired either that some testimony be read or that portions of the charge be read. The affidavits of the clerk and the two attendants show that no request came from the jury for the reading of any portions of the testimony or the charge until 5:45 P.M., at which time the attendant informed the jury that they would have to rely on their recollection. There was no further colloquy. The verdict was reached in favor of defendant at about 10:00 P.M. Such verdict was signed by ten jurors.

The ordering of a sealed verdict and the departure of the justice and the stenographer while the jury is deliberating in a

civil action has become such a customary and ordinary procedure that it has apparently seldom been questioned. In Wait on New York Practice (3rd ed., Vol. 4, § 10, p. 284,) it reads as follows: "Section 10. *Sealed verdict.*— The jury may be permitted, where circumstances require it, to return a sealed verdict. Where the jurors are unable to agree upon their verdict before the adjournment of the court for the day, the judge may direct the jury to return a sealed verdict. When this direction is given, the jury, upon agreeing upon their verdict, reduce it to writing, seal it, and deliver it to the officer having them in charge. The jury may then separate, without awaiting the re-opening of the court.

"The judge may in all cases direct the jury to bring in a sealed verdict in the absence of objection by the counsel for the parties. Douglass v. Tousey, 2 Wend. 362. The consent of the parties to this direction is not essential. Green *v.* Bliss, 12 How. 428."

In Carmody on New York Practice (2d ed., Vol. 4, § 1340) it reads as follows: "§ 1340. *Sealed Verdict.* Where the jury are likely to be absent for some time, and the business of the day is through, it is usual to direct them, when they shall have agreed upon their verdict, to seal it, and to bring it into court the next morning. * * * The judge may direct the jury to seal their verdict without the consent of the parties."

For more than one hundred years, it has been the established law in this State that the court may direct a sealed verdict even without the consent of the parties (*Green* v. *Bliss,* 12 How. Prac. 428, decided in February, 1856).

Likewise, it is the settled law that the affidavit of a juror is not receivable to impeach the verdict of the jury even for mistake or error in respect to the merits of the case. In Carmody on New York Practice (2d ed., Vol. 4, § 1334) it reads as follows: " The affidavits of jurors are not receivable to impeach a verdict, either for mistake or error in respect to the merits of a case, or for irregularity or misconduct, or to show that they mistook the effect of their verdict and intended something different; for, to allow this, would be against public policy."

The juror upon whose affidavit the motion is based signed the sealed verdict in favor of defendant. She does not now say that the verdict was wrong. The motion is in all respects denied.