■ PEDRO J. RIVAS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [959 NYS2d 178]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered June 21, 2011, after a jury trial, to the extent appealed from, apportioning fault 70% to defendants and 30% to plaintiff, unanimously reversed, on the law, without costs, and the matter remanded for a new trial on the issue of apportionment of fault.

The jury poll revealed that four out of the six jurors claimed that they did not vote for the apportionment percentages stated in the verdict sheet (see *Duffy v Vogel*, 12 NY3d 169, 174 [2009], citing *Warner v New York Cent. R.R. Co.*, 52 NY 437, 442 [1873]). Thereafter, the trial court discharged the jury prior to resolving the contradiction between the verdict sheet read into the record and the results of the jury poll (see *Matter of National Equip. Corp. v Ruiz*, 19 AD3d 5, 12-13 [1st Dept 2005]). Accordingly, a new trial is required on the issue of apportionment of fault.

The trial court did not err in permitting the jury to hear evidence suggesting that the bus driver may have violated Transit Authority rules by not sounding his horn to alert plaintiff, a bicyclist, of the presence of the bus. This evidence is admissible since the subject rules do not impose a standard of care transcending that imposed by common law or the applicable provisions of the Vehicle and Traffic Law (see *Lopez v New York City Tr. Auth.*, 60 AD3d 529, 531 [1st Dept 2009], *lv denied* 13 NY3d 717 [2010]; *see also* Vehicle and Traffic Law § 1146 [a]). Concur—Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.