MARY ROGAN, Respondent, *v.* DENIS MULLINS and Others,
Appellants.

*Verdict — where the plaintiff is entitled to substantial, if any, damages, the jury
may be directed to reconsider a verdict for nominal damages.*

Where, in an action to recover damages for personal injuries resulting from the
alleged negligence of the defendants, the plaintiff is entitled, upon the evi-
dence, to recover either substantial damages or nothing, and the jury render a
verdict for the plaintiff for six cents, the court is not bound to discharge them,
but may call their attention to the inconsistency of their verdict, and request
them to retire and reconsider it, and a verdict for the plaintiff for substantial
damages, rendered after such retiring and reconsideration, will be sustained.

APPEAL by the defendants, Denis Mullins and others, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of New York on the 24th day
of April, 1897, upon the verdict of a jury, and also from an order,
bearing date the 7th day of May, 1897, and entered in said clerk's
office, denying the defendants' motion for a new trial made upon the
minutes.

*David McClure,* for the appellants.

*James P. Niemann,* for the respondent.

BARRETT, J.:

The action was brought to recover for personal injuries alleged
to have been caused by the defendants' negligence. Upon proofs
sufficient for the consideration of the jury, the case was submitted
to them upon a charge which was entirely unexceptional. The jury
at first returned a verdict for the plaintiff for six cents damages.
This the learned trial judge refused to accept. We quote his obser-
vations as they appear in the record :

"The Court: We cannot accept that verdict. That verdict is
inconsistent. If you believe the plaintiff was injured in the manner
in which she claims she was injured, and through the fault of the
defendants solely and without any fault of her own, she is entitled to
more than nominal damages. You may again retire and further
deliberate on your verdict.

"If the plaintiff sustained the injury she complains of in this

action, and if she has sustained these injuries solely through the fault of the defendants and without fault of her own, she is entitled to more than nominal damages. I need only call your attention to that, and you will see that that verdict is inconsistent. You may again retire and see if you can agree." The defendants' counsel excepted to this ruling and asked that the jury be discharged. The jury, however, retired and subsequently returned a verdict for the plaintiff for $250, upon which the judgment appealed from was entered.

The evidence, which we need not review, establishes conclusively that the plaintiff, if entitled to recover at all, had the right to more than nominal damages. If not the undisputed evidence, at least the overwhelming weight of evidence, showed that the plaintiff's injuries were substantial; and if they were caused by the defendants' negligence, without fault on her part, she was entitled to such sum as would fairly compensate her therefor. The question, therefore, is whether the trial judge exceeded his authority in directing the jury to reconsider their verdict. We think not. The matter of further consideration was subject to his control until the jury were finally discharged. Where a plain mistake has been made, it would be intolerable to require the acceptance of a manifestly insufficient verdict, only that such verdict, when recorded, should be at once set aside and a new trial ordered before another jury. That would be to put the parties to the expense and delay of another trial and also to waste public time and money because, perhaps, of a mere inadventence or of some notion which a single word might dissipate. The rule is clearly the other way. It has always been held that a verdict might be reconsidered and corrected while the matter is still *sub judice* and before the final discharge of the jury. In *Blackley* v. *Sheldon* (7 Johns. 33) the jury found a verdict for the defendant, and the trial judge was so thoroughly convinced of their error that he urged them to reconsider the case. They did so and found for the plaintiff, and the judgment was affirmed. The Supreme Court said : " The law is well settled that before a verdict is recorded the jury may vary from the first offer of their verdict, and the verdict which is recorded shall stand. * * * The verdict is not recognized as valid and final until it be pronounced and recorded in open court, and it is reasonable that the jury should

be enabled to avail themselves of the *locus pentitentiæ* and correct a verdict which they have mistaken, or about which, upon further reflection, they have doubt. * * * The court may also, of its own accord, send the jury back to reconsider their verdict, if it appears to be a mistaken one, and before it is received and recorded." The court also said that this was the law of England, for which citations were there given.

This case was cited with approval in *Warner* v. *N. Y. C. R. R. Co.* (52 N. Y. 438), and must be taken as settling the law in this State that, until the jury is actually discharged, they may correct or alter their verdict either at their own instance or that of the court. We may add that the mere entering of the verdict upon the minutes is not that recording which makes the announcement and the clerical act the fixed and unalterable verdict of the jury. This was distinctly decided in the *Warner Case* (p. 443), and the rule laid down that the power of the jury over their verdict does not cease until their dismissal. Upon the same principle the power of the court to request a reconsideration remains until dismissal. The same view as to the power of the court has been taken in other States (*Goodwin* v. *Appleton*, 22 Maine, 453 ; *Woodruff* v. *Richardson*, 20 Conn. 238 ; *Heller* v. *State*, 23 Ohio St. 582 ; *People* v. *Jenkins*, 56 Cal. 4), and it may safely be said to be the settled law of England and of this country.

As we have seen, the evidence fully warranted the judge's action in requesting reconsideration, and we think he acted discreetly as well as firmly in sending the jury back. In view of the verdict for the plaintiff, the mistake was solely in the award of nominal damages. The jury could not, upon the evidence, have said that the damages were inappreciable. The judge was right, therefore, in calling their attention to the inconsistency of such a verdict, and instructing them that they had made a mistake, and that, if the plaintiff was entitled to recover at all, which was thus still left to them to decide, she was entitled to at least more than nominal damages.

The judgment was right and should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.