name, to deprive his wife of her rights. The case is one which calls for the application of the maxim that "equity looks upon that as done which ought to be done." Demurrer overruled, with leave to defendant to answer within 20 days upon payment of costs.

Demurrer overruled, with leave to answer within 20 days upon payment of costs.

---

(73 App. Div. 518.)

### CONREY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

VERDICT—INDEFINITENESS—MISTRIAL.

A jury rendered a sealed verdict as follows: "The jury say that they find a verdict for defendant, with recommendation to the court to award plaintiff $300 as compensation for her losses." *Held* that, as the intention of the jury could not be ascertained from the verdict, there was a mis-trial.

Appeal from trial term, New York county.

Action by Elizabeth Conrey against the Metropolitan Street Railway Company. From an order declaring a mistrial, and restoring the case to the day calendar, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Gilbert D. Lamb, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. After the case had been submitted to the jury, the court ordered a sealed verdict. The jury agreed upon their verdict, reduced it to writing upon a blank submitted to them for that purpose, sealed and delivered it to their foreman, and separated for the night. The jury appeared at the opening of court the next morning, and, through their foreman, presented their verdict, which, omitting the title of the action and signatures of the jurors, was as follows: "The jury say that they find a verdict for defendant, with recommendation to the court to award plaintiff $300 as compensation for her losses." The court declined to receive this paper as a verdict, whereupon defendant's counsel requested the court to direct the clerk to enter it as a verdict for the defendant. This motion was denied. The plaintiff's counsel moved the court for an order declaring the trial a mistrial, and restoring the case to the day calendar. The court announced that it was impossible to determine what the jury intended by the verdict as reported, and that, inasmuch as the jurors had separated, they should be discharged.

The jury having been discharged, it is manifest that there is no means now available by which their intention can be ascertained, except from the paper which they presented to the court. We have no doubt that the trial court would have been authorized to send the jury back to correct their verdict, and put it in definite, legal form, notwithstanding the fact that they had separated overnight (Prof.

Jury, § 600); but it is too late now to accomplish that result. It is clear that there has been a mistrial of this case. It cannot be said, as matter of law, that this is a verdict for the defendant, and the recommendation treated as surplusage and disregarded. It may be that the jury wrote the word "defendant" by mistake, and that they intended it as a verdict for the plaintiff. Not being familiar with the preparation of sealed verdicts, and being required to insert in the blank form both the party in whose favor they found, and the amount of the damages, if any, they may have intended to say that their verdict was for the plaintiff, and, instead of merely specifying the amount, put it in form of a recommendation. But whether this be so or not, the sealed verdict was not in proper form, and the conclusion reached by the jurors was not stated with sufficient definiteness to entitle either party, as a matter of right, to the entry of a verdict thereon without correction by the jury. We cannot correct this verdict.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.