{56 Misc. Rep. 502.)

### SALEMON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

TRIAL—DELIBERATIONS OF JURY—SENDING JURY BACK TO CORRECT VERDICT.

On the trial of a personal injury case, defendant introduced no evidence, except that it had received no report of the accident. After the jury had retired, they returned, and the foreman stated that as they had plaintiff's testimony as to what happened to him, but no evidence as to the accident from defendant, they found a verdict for plaintiff. The court then instructed them that a verdict, if found for plaintiff because there was no evidence for the defendant in regard to the accident, would have to be set aside, but that they must find a verdict for plaintiff or defendant, regardless of the absence of evidence by defendant in regard to the accident, and, after giving other instructions applicable to the case, sent the jury out a second time. *Held*, that the court's action was proper, since, until the jury is discharged, they may correct their verdict, either at their own instance or that of the court, and for that purpose may be sent back, before their verdict is recorded, not only to correct a mistake in form, or to remedy obscurity, but to alter it in substance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 792, 793.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Salemon against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

William E. Weaver, for appellant.
Morris Meyers, for respondent.

PER CURIAM. This is an accident case. The defendant does not raise, on this appeal from a judgment in favor of the plaintiff, any question of negligence or contributory negligence, but bases its appeal solely on the ground that the court erred in sending the jury out a second time. The defendant introduced no evidence, except to show that it had received no report of the accident. After the court had made its charge, to which no exception was taken, and the jury had retired for the first time, they returned, and the foreman made the following statement:

"As we have the testimony by the plaintiff as to what happened to him, we find that there is no evidence from the company, that there was something the matter with the conductor, or that he did not hear, or anything, and we find a verdict for $400."

The court then asked: "For the plaintiff?" To which the foreman replied: "Yes, sir." The jury were then polled, and each answered that his verdict was for $400 for the plaintiff. The defendant then moved to set aside the verdict on the ground that "they have said that they gave this verdict because there is no evidence from the railroad company." The plaintiff then moved to have the jury sent back to the jury room, "with instructions that the fact that the defendant has put in no defense does not relieve the plaintiff from the necessity of proving

his case by a fair preponderance of evidence." The court then said to the jury:

"If you found a verdict for the plaintiff because there was no testimony offered by the railroad company in regard to the accident, the conductor, or the car, then your verdict must be set aside by the court. You must find a verdict for the plaintiff or defendant, regardless of the absence of testimony on the part of the railroad company in regard to the accident."

And the court then went on and gave instructions as to the law of negligence applicable to the case, and sent the jury out a second time. The defendant objected to this second sending out of the jury, and excepted to the court's ruling in that regard. The jury came in a second time, and announced a verdict for $400 for plaintiff.

The conduct of the court in sending the jury out a second time seems to have been proper under the circumstances. Until the jury is actually discharged, they may correct or alter their verdict, either at their own instance or that of the court. Rogan v. Mullins, 22 App. Div. 117–119, 47 N. Y. Supp. 920; Warner v. N. Y. C. R. R. Co., 52 N. Y. 438, 11 Am. Rep. 724. They may be sent back, after giving their verdict and before it is recorded, not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance, if they so determine and agree. Warner v. N. Y. C. R. R. Co., supra.

The judgment should be affirmed, with costs.