(90 Misc. Rep. 664)

### RETTIG v. JOHN E. MOORE CO.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

TRIAL ☞336—VERDICT—SUPERFLUOUS RECOMMENDATION—JUDGMENT.

Where the verdict in an action against the owner of a boat for an assault committed by S., the captain of the boat, read, "We find in favor of the defendant, and we also request that Captain S. be censured," the request, which, though superfluous, was consistent with the verdict for defendant, since the issue was whether S. was acting within the scope of his authority, should have been stricken out, and judgment should have been rendered for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 789; Dec. Dig. ☞336.]

Appeal from City Court of New York, Trial Term.

Action by Solomon Rettig against the John E. Moore Company. From an order setting aside a verdict for defendant, it appeals. Reversed, verdict reinstated and corrected, and judgment directed for defendant.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Squiers & Lee, of New York City (Arnon L. Squiers, of New York City, of counsel), for appellant.

Charles S. Rosenthal, of New York City, for respondent.

BIJUR, J. Defendant was sued for an alleged assault committed by one of its employés, Capt. Sweeney, upon the plaintiff; the assault having taken place upon government property at Ellis Island, the defendant being the owner of a boat of which Sweeney was captain.

The learned judge below submitted to the jury as one of the vital questions, if not the most important question, in the case, whether Capt. Sweeney was acting within the scope of his authority under his employment by the defendant. The verdict of the jury, as recited by the foreman, was:

"We find in favor of the defendant, and we also request that Capt. Sweeney be censured."

This request, which, of course, was superfluous and improper, is entirely consistent with the verdict for the defendant. In other words, the jury found that Sweeney was not acting within the scope of his authority, but desired to have him censured for personal misconduct. In that respect this case differs materially from Conrey v. Metropolitan St. R. Co., 73 App. Div. 518, 77 N. Y. Supp. 222, where the verdict was "for defendant, with recommendation to the court to award plaintiff $300 as compensation for her losses." The two clauses of this verdict were plainly inconsistent, and the verdict could not be understood. In the case at bar, it seems to me that the verdict was clearly for the defendant, and the superfluous recommendation should merely have been stricken out by the court, by way of correction, and disregarded. See Brigg v. Hilton, 99 N. Y. 517, 531, 3 N. E. 51, 52 Am. Rep. 63.

Order reversed, with costs; verdict reinstated and corrected, by striking therefrom "and we also request that Capt. Sweeney be censured"; and judgment directed to be entered thereon in favor of defendant, with costs in the court below. All concur.