BERNARD ROSENTHAL, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, January Term — Filed March, 1922.

Trial — jury — verdict may be corrected at any time before discharge of jury — when difference of opinion appears by court's questioning and jury is sent back to agree plaintiff's attorney waives any defect by failure to object to procedure.

At any time before a verdict is recorded it may be corrected by the jury before their final discharge, or by the court.

In a negligence action the jury returned to the court room and in answer to the court the foreman stated that the jury had agreed upon a verdict, whereupon the following colloquy took place: " The Court: How do you find? The Foreman: A verdict for the plaintiff. The Court: How much? The Foreman: No, for the defendant. The Court: You had better go back and bring back a verdict upon which there is no disagreement. Juror No. 1, how do you find? Juror No. 1: For the defendant. The Court: Juror No. 2? Juror No. 2: For the defendant. The Court: Juror No. 3? Juror No. 3: I say he should get something. The Court: How do you vote now? Juror No. 3: I vote with the rest if they are satisfied." The remaining jurors voted for the defendant. The jury was sent back for further deliberation and upon their return rendered a verdict in favor of defendant and the same was duly recorded. Upon granting a motion to set aside the verdict because of the conduct of the jury, as above narrated, the court stated that the verdict should not be permitted to stand, for the reason that juror No. 3 believed that plaintiff was entitled to something and had said so in open court, and that it would be a miscarriage of justice if a verdict was returned, not by agreement of one of the jurors, not based on his conscience. *Held*, that the granting of the motion was error; that plaintiff had waived his right to object to the irregularity complained of by silence and acquiescence before the final verdict had been recorded.

The verdict of the jury being warranted by the evidence the order entered upon the granting of the motion to set aside the verdict will be reversed and the verdict reinstated.

APPEAL by defendant from an order setting aside the verdict of a jury in favor of defendant, entered in the Municipal Court of the city of New York, borough of Manhattan, sixth district.

*Courtland Palmer (Percy J. King,* of counsel), for appellant.

*Breitbart & Breitbart (Charles Breitbart,* of counsel), for respondent.

LYDON, J.  This is an action in negligence.  The case was tried and submitted to the jury.  The jury, after deliberation, returned to the courtroom, and in answer to the court the foreman stated that the jury had agreed upon a verdict, and the following colloquy took place: " The Court: How do you find?  The Foreman: A verdict for the plaintiff.  The Court: How much?  The Foreman: No, for the defendant.  The Court: You had better go back and bring back a verdict upon which there is no disagreement.  Juror No. 1, how do you find?  Juror No. 1: For the defendant.  The Court: Juror No. 2?  Juror No. 2: For the defendant.  The Court: Juror No. 3?  Juror No. 3: I say he should get something.  The Court: How do you vote now?  Juror No. 3: I vote with the rest if they are satisfied."

The remaining jurors voted for the defendant.  The court thereupon sent the jury back for further deliberation, and thereafter the jury returned and rendered a verdict in favor of the defendant, which verdict the court duly recorded.  The plaintiff moved to set aside the verdict because of the conduct of the jury, as above narrated.  The court granted the motion, saying: " I do think that this verdict should not be permitted to stand for the reason that juror No. 3 believes that the plaintiff was entitled to something, and he said so in open court, and it would be a miscarriage of justice — would be a travesty upon our jurisprudence — if a verdict is returned, not by agreement of one of the jurors; not based on his conscience."  From the order entered thereon the defendant appeals.  I believe the trial justice was in error.  If there was any irregularity in the juror making known his opinion in open court, when questioned by the court on a poll of the jury, the time to make objection was then, and not wait until after further deliberation when a proper verdict was rendered.  Plaintiff may not assert a claim of irregularity after the jury's final verdict has been recorded, when he has waived his right to object by silence and acquiescence, at the time he should have spoken.

At any time before a verdict is recorded it may be corrected by the jury before their final discharge, or by the court.  *Warner* v. *New York Central R. R. Co.,* 52 N. Y. 437; *Salemon* v. *N. Y. C. Ry. Co.,* 56 Misc. Rep. 502; *Blackley* v. *Sheldon,* 7 Johns. 32; *Bunn* v. *Hoyt,* 3 id. 255.  In the last cited case the jury separated

over night, and upon rendering a sealed verdict a poll was had, at which time one of the jurors stated he thought the verdict unconscientious and could not consent to it; the jury was directed to retire and again deliberate, to which defendant's counsel objected, and after further deliberation the jury rendered a verdict for plaintiff as before. Held, that there was no irregularity shown to render it proper to set aside the verdict.

I have examined the record in the instant case, and I am of the opinion that the verdict of the jury was warranted by the evidence. The issue presented was purely a question of fact, and this, of course, was for the jury to determine. The jury evidently applied the law to the facts as they found them, and the court was not justified in setting aside the verdict.

Order reversed, with thirty dollars costs, and verdict reinstated.

BIJUR, J., concurs.

McCook, J. (concurring). In addition to accepting the grounds well stated by Mr. Justice Lydon, I desire to comment upon the remarks of the trial court. The mere fact that at one stage of the discussion a juror believed the plaintiff was entitled to something, and ultimately changed his view to accord with that of his fellows, assuredly supplies no argument for setting the final verdict for the defendant aside. Otherwise only a decision following a single unanimous vote of the jury, with no individual doubt or difference previously expressed, could stand.

Order reversed.