ROSE F. SNYDER, Respondent, v. FRANK V. BOPP and FLORENCE E. BOPP, Appellants.*— Judgment affirmed, with costs. The unusual practice of the trial court has the sanction of authority. (Blackley v. Sheldon, 7 Johns. 32, cited with approval in Warner v. New York Central R. R. Co., 52 N. Y. 437, 440, and in Porret v. City of New York, 252 id. 208, 211.) It is a power, however, which should be sparingly exercised. It lends itself too readily to abuse and in particular instances may be deemed to accomplish an improper coercion of the jury. The better practice, in a proper case, is to set aside a verdict without conditions, or with conditions attached to be accepted on stipulation. Lazansky, P. J., Kapper, Carswell and Davis, JJ., concur; Tompkins, J., dissents and votes for a reversal and a new trial, with the following memorandum: A jury has the right, at any time before its verdict is recorded upon the minutes of the court, whether rendered in the form of a sealed verdict or otherwise, to change its verdict; and even after a verdict is announced and the jury is polled, any member thereof may disagree with the verdict as announced, and in such a case the judge has power and it is his duty to send the jury back for further consideration of the case, and, if a verdict is not in proper form, the judge may send the jury back to have the verdict corrected in form. But in the case at bar it seems to me the judge was without authority to direct the jury to retire and give further consideration to the case. There is no claim that the sealed verdict for $5,000 was defective in form, and, therefore, it was the duty of the court to have the verdict recorded, and if it was inadequate, to set it aside. The pertinent authority cited in the majority decision of the court is the Blackley v. Sheldon case, decided in 1810. I think that this decision should not be followed in the case at bar. The other cases cited seem to me to hold no more than that the jurors themselves may change their verdict at any time before it is recorded, and, if the verdict is defective or obscure, the court may send the jury back for the correction of a mistake or to clarify any obscurity. In the case at bar there is no claim that the sealed verdict was not in proper form or that it was obscure. It represented the judgment of the twelve jurors as formed after deliberate consideration of the questions involved. If a trial judge can send a jury back under such circumstances, even though he does not give his reason for so doing, he might continue to return the jurors to their room innumerable times until they have rendered a verdict that suits him. If a judge has power to do that, he nullifies the right of trial by jury.