WILLIAM SAVKO, Plaintiff, *v.* BROOKLYN & QUEENS TRANSIT CORPORATION, Defendant.*

Municipal Court of New York, Borough of Queens, Second District, November 22, 1937.

*Harry Berger*, for the plaintiff.

*George D. Yeomans* [*R. Redmond* of counsel], for the defendant.

PETTE, J. This is an action for negligence. The case was tried and submitted to the jury. The jury, after deliberation, returned to the court room, and, in answer to the court, the forelady stated that the jury had agreed upon a verdict, and the following colloquy took place: " The Court: In the case of Savko against Brooklyn and Queens Transit Corporation, have you agreed upon a verdict? Miss Fuchs: Yes; we find negligence on both parts. The Court: You find in favor of the defendant? Miss Fuchs: On both parts there is negligence. Counsel for Defendant: I move for entry of the verdict and I ask the jury be sent back for a proper verdict. The Court: I instructed you in the event you found both the plaintiff and the motorman negligent that your verdict must be in favor of the defendant, so you will please retire and return a proper verdict. Counsel for Plaintiff: And also to consider the rest of the main charge. The Court: Yes, consider everything that I charged you."

The court thereupon sent the jury back for further deliberation, and thereafter the jury returned and rendered a verdict in the sum of $150 in favor of the plaintiff. Counsel for defendant then moved to set aside the verdict as contrary to the law, contrary to the evidence, and against the weight of evidence. The members of the jury were polled and decision reserved on the motion.

In the leading case of *Warner* v. *New York Central R. R. Co.* (52 N. Y. 437, 440) the Court of Appeals held: " There is no doubt but that a jury after giving in a verdict may, before it is recorded, be sent back to reconsider it; not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance if they so determine and agree. (*Blackley* v. *Sheldon*, 7 J. R. 32; *Goodwin* v. *Appleton*, 22 Me. [9 Shepley] 453; *Sutliff* v. *Gilbert*, 8 Ohio [Hammond], 405; *Wolfran* v. *Eyster*, 7 Watts [Pa.], 38.) "

In the instant case the verdict of the jury, as originally made, was incorrect in form, and it was within the discretion of this court to send the jury back to make a proper verdict before its final discharge. The verdict was not recorded until the return of the jury, when it had decided in favor of the plaintiff for the sum of $150.

The defendant has no cause for complaint since the jury was sent back to make a proper verdict upon the motion of its attorney.

The rule is stated in 4 Carmody's New York Practice, page 3104, as follows: " Where a jury has found a verdict which it is its duty to report to the Court, but which is not correctly reported, in consequence of mistake, inadvertence, or a lack of familiarity with the

duty of jurors, the Court has power to correct the record of the verdict so as to express correctly what the jury has decided. (*Dalrymple* v. *Williams,* 63 N. Y. 361; *Wirt* v. *Reid,* 138 App. Div. 760; *Jackson ex dem. Noah* v. *Dickenson,* 15 Johns. 309.) "

Defendant's attorney herein failed to move that the court correct the original verdict, which apparently had been incorrectly reported owing to the lack of familiarity of the jurors with their duty. Instead said attorney made a motion in open court " to ask that the jury be sent back for a proper verdict." This court was bound by the defendant's application, and the result thereof is binding upon it.

Concerning the contention as to the " recording " of the verdict, the more technically accurate phrase would be " entering the verdict in the minutes." The verdict is not finished or perfected by the mere entry; the clerk of the court still further puts the query: " Gentlemen of the Jury, is that your verdict? " And if there is no dissent made, he concludes: " So say you all." No question by the court or either party being made, the jury are discharged from the further consideration of that case. Then, the verdict becomes a fixed legal fact, and may not afterward be altered in form or substance by the court or jury. (*Warner* v. *New York Central R. R. Co., supra.*) This interpellation of the clerk is the last solemn, formal act, challenging the attention of each member of the jury, before the verdict becomes irrevocable and unchangeable. Until that is made, and assent given express or tacit, and the jury dismissed, the verdict, within certain limits, not exceeded in this case, is within the power of the jury, and to a certain extent within the direction of the court.

A study of the development of jury verdicts sustains this contention. For example, " POLLOCK, C. B., stated that the form used to be: ' Gentlemen of the jury, listen to your verdict while the court records it. You say that the prisoner is not guilty; and that is the verdict of you all.' And in *Rex* v. *Parkin* (1 Moody, Crown Cases Reserved, 45) it was held that the mere entry of the verdict by the clerk in his book does not necessarily constitute a final recording of it. * * *

" The fact that the verdict has been announced, and has been as announced entered in the minutes of the clerk, is not that recording which makes the announcement and the clerical act the fixed and unalterable verdict of the jury. * * *

" Before they have been dismissed from their relation to the case as jurors in it, their power over their verdict remains, and their right to alter it so as to conform to their real and unanimous intention and purpose." (*Warner* v. *New York Central R. R. Co., supra.*)

The general rule is: That before the verdict is recorded it is within the recognized power of the court under certain circumstances to send the jury back to reconsider the verdict. The cases in which a cause may be thus resubmitted to a jury may be divided into two classes, as follows: (1) Where the jury has in fact agreed upon a verdict which only demands the entry of a judgment, but by mistake the verdict has been improperly announced or recorded, the jury may be directed to retire and put their verdict in proper form; and (2) where the jury has arrived at an agreement, but there is an obvious error in the agreement arrived at or the verdict is imperfect, the jury may be sent back to reconsider their verdict and to correct the error or complete the verdict. (4 Carmody's New York Practice, p. 3101.)

The case of *Rosenthal* v. *Standard Oil Co. of New York* (118 Misc. 249) is apparently on all fours with the case before this court and the change of the jury verdict was sustained by the Appellate Term upon the authority of *Warner* v. *New York Central R. R. Co. (supra).* (See, also, *Salemon* v. *New York City R. Co.*, 56 Misc. 502, 503; *Rogan* v. *Mullins*, 22 App. Div. 117; *Jacob* v. *Watkins*, 10 id. 475; *Porret* v. *City of New York*, 252 N. Y. 208; *Brigg* v. *Hilton*, 99 id. 517, 531; *Hatch* v. *Attrill*, 118 id. 383; *Hodgkins* v. *Mead*, 119 id. 166; *Labar* v. *Koplin*, 4 id. 547; *Bunn* v. *Hoyt*, 3 Johns. 255; *Blackley* v. *Sheldon*, 7 id. 32.)

In the recent case of *Snyder* v. *Bopp* (240 App. Div. 989; affd., 264 N. Y. 576) the record showed that, after the jury had returned into court and handed up a sealed verdict, the court, after looking at the verdict, over the defendant's objection sent the jury back with instructions to give further consideration to the verdict, whereupon a verdict in a much larger sum was returned. The appellate court recognized this procedure as an unusual practice, but stated that it had the sanction of authority. The court ruled that this power should be sparingly exercised to avoid abuse and improper coercion of the jury.

The case of *Klepper* v. *Seymour House Corporation* (246 N. Y. 85, on p. 98) has been called to this court's attention wherein there is contained the following quotation: " We think that the jury having found a general verdict in accordance with the law, their subsequent action under the direction of the court is a surplusage which may be disregarded."

This case, as cited, has no application to the facts presented herein. In the *Klepper* case the jury had rendered a general verdict which was duly recorded, there being merely an error in the mathematical apportionment of the damages.

Defendant's motion to set aside the verdict in favor of the plaintiff is denied.