Per Curiam.

The verdict of ‘‘ not guilty in the operation of the merry-go-round ” coupled with an award of damages to the plaintiff was clearly inconsistent. The jury was thoroughly confused. This is readily evident from its original verdict and eventual inability to reach any verdict in the case. While the verdict might have been corrected if the intent was sufficiently clear (Selig v. Alexander, 185 App. Div. 322, 325), this was not the case. Certainly there was not such a verdict ‘ ‘ in regard to the meaning of which there cannot upon the facts be room for two opinions ” (Hodgkins v. Mead, 119 N. Y. 166, 172).
If a verdict is so open to question and is so unclear, the matter should not be resolved by the court as a question of law, but should be relegated to a jury for its determination as a disputed question of fact. This is so in the interest of substantial justice.
In any event, defendant’s counsel took no exception to the court’s direction to the jury to return to the jury room and deliberate further ‘ ‘ in the light of the [previous] instructions and * * * reconsider their verdict.” Nor did defendant’s counsel record any objection or exception when the jury returned to the courtroom and requested that the entire testimony of the operator of the merry-go-round be read back by the court reporter. Under the circumstances, defendant must be deemed to have acquiesced in the procedure adopted by the trial court and may not now be heard to complain.
The order denying defendant’s motion to correct verdict and to direct entry of judgment for defendant should be affirmed, with $10 costs and taxable disbursements.
Abkwbight and Pette, JJ., concur; Bbown, J., dissents and votes for reversal with the following memorandum:
In response to the clerk’s question as to whether the jury had agreed upon a verdict the foreman replied: “ Your Honor, we have agreed upon a verdict. We the jury find the defendant not guilty in the operation of the merry-go-round at Fairyland Park, but the fact that the plaintiff was unfortunately involved in this accident, we feel that she is entitled to an award of $750.”
*157 This was equivalent to a special finding that the defendant was not negligent. A jury may return a special finding even though not so directed by the court (Klepper v. Seymour House Corp., 246 N. Y. 85, 95). The words “ not guilty ” could only mean not guilty of negligence. (See 7 A. L. R. 2d 1341, Validity and effect of verdict in civil action finding defendant “ not guilty ’’.)
In view of this special finding it was beyond the power of the jury to award money damages to the plaintiff. The attempt to do so was a gratuitous expression of compassion, indicated by the use of the word ‘‘ unfortunately ’’, was a direct violation of the jury’s duty to refrain from sympathy and was without legal effect. Under the circumstances, instead of sending the case back to the jury for further consideration, the trial court should have corrected the verdict by eliminating the surplusage and should have directed the entry of a verdict in favor of defendant.
Order affirmed, etc.