Abraham Schlissel, J.
In this consolidated action arising out of a two-car collision each driver sought a recovery for personal injuries alleged to have been caused by the negligence of the other.
. The court accordingly instructed the jury that neither litigant could recover against the other unless he satisfied at least five of the six jurors that the other driver was negligent and that he was free from contributory negligence.
In addition the jury was specifically charged that neither driver was entitled to a verdict in the event that both were found to have been negligent; they were also told that neither could recover if both drivers were found to have been without fault.
*929 No objection was made to these instructions and no exceptions taken thereto. Indeed there could scarcely have been. In any event they became and are the law of the case (Leonard v. Home Owners Loan Corp., 297 N. Y. 103).
After deliberating for some time the jury returned to the courtroom where in the presence of the court and all affected counsel, its verdict was announced by its foreman: “ The jury believes there was negligence on both sides, but the greater negligence was contributed by Mr. Knettel, therefore awarding Mr. De Vito the sum of seven hundred fifty dollars.”
In other words the jury plainly and unmistakably concluded that the accident here involved had been caused by the fault of both drivers. Instead of there terminating their labors and reporting their conclusions the jurors continued and, contrary to the express instructions of the court, undertook to evaluate the comparative negligence of the drivers and, on the basis of such comparison, attempted to award driver De Vito $750 against driver Knettel.
Such an effort to render a verdict based upon a finding of comparative negligence is, of course, unknown to our law whatever may be the rule in other jurisdictions.
Upon the announcement of the above-quoted verdict (and after the court had ascertained that all six of the jurors had concurred therein) counsel for plaintiff Knettel objected to the jury’s verdict and moved that they “ be instructed to retire and bring in verdict in favor of the defendant William Knettel on the case brought by Mr. De Vito, and a verdict in favor of Mr. De Vito in the plaintiff’s case against Mr. Knettel, since they have found negligence on both sides ”.
Counsel for. plaintiff De Vito at that moment made no like application to send the jury back for further deliberation. On the contrary, he sought only a mistrial through the discharge of a juror because of the “colloquy between counsel”.
The court thereupon denied both applications and instead instructed the clerk to ‘ ‘ record the verdict as a verdict in favor of the defendant William Knettel upon the cause of action of Joseph De Vito; in favor of the defendant Joseph De Vito in the case of the cause of action of the plaintiff William Knettel ’ ’. It further directed “ that the balance of the attempted verdict, namely, the award to plaintiff Joseph De Vito of the sum of seven hundred and fifty dollars, is contrary to the express instructed the Clerk to “ record the verdict as a verdict in favor fore entirely improper, and must be and is disregarded as surplusage ”.
*930 Explaining its ruling the court commented:
‘ ‘ Fundamental and basic to this determination is the finding of the jury first announced that both parties were at fault.
*1 If both parties were at fault, under the instructions of the Court to which no party took or could possibly have taken any exception, if both parties were negligent, neither party could recover.
‘1 At that moment when they reached the conclusion that such was the fact, the jury should have, in accordance with the instructions of the Court — concluded its deliberations.
“ What it did beyond that point is entirely irrelevant.”
It was then that, for the first time, plaintiff De Vito moved that the jury be sent back for reconsideration.
This application so tardily made — after the verdict had been recorded — was denied by the court and the jury thereupon discharged.
By the instant motion plaintiff De Vito seeks, in the alternative, (a) reargument of his application that the jury be instructed to reconsider its verdict and, in that connection, a new trial; (b) reinstatement of the $750 award abortively granted him, or (c) an order authorizing hearing of his exceptions by the Appellate Term in the first instance.
A reading of De Vito’s moving papers and of his memorandum of law has served to reinforce the court’s original views as to the proper disposition of his application, and has convinced it that the present motion should be denied.
It has been said (4 Carmody, New York Practice, p. 3104) that: “ Where a jury has found a verdict which it is its duty to report to the Court, but which is not correctly reported, in consequence of mistake, inadvertence, or a lack of familiarity with the duty of jurors, the Court has power to correct the record of the verdict so as to express correctly what the jury has decided ” (citing cases).
The above-stated “ power to correct the verdict ” furnished, it seems to the court, ample justification for recording of the instant verdict as one in favor of both defendants and for its instruction that the remainder thereof be disregarded as surplusage and beyond the jury’s powers and functions.
It seems further to the court that none of the cases cited by plaintiff De Vito mandates or justifies a contrary conclusion.
For example the court believes that the factual situation prevailing in both Swift v. Fairyland Park (2 Misc 2d 155) and Savko v. Brooklyn & Queens Tr. Corp. (166 Misc. 84) is so substantially different from that here existing that neither *931 can truly be regarded as an authority in plaintiff De Vito’s favor.
Thus in Swift it appeared that there was but a single plaintiff and that the jury there undertook to make a money award in her favor after having first announced that it found defendant “not guilty in the operation of the merry-go-round ”.
Such an inconsistent verdict definitely justified the conclusion that “ the jury was thoroughly confused ” and that its intent was insufficiently clear.
That confusion and that uncertainty are in striking contrast with the instant verdict which cannot be regarded as anything but a plain, unequivocal and unassailable finding that both drivers, by some error of commission or omission, contributed, to some extent, to the happening of this accident.
This then was such a verdict ‘1 in regard to the meaning of which there cannot, upon the facts be room for two opinions ” (Hodgkins v. Mead, 119 N. Y. 166, 172).
In these circumstances the court not only possessed the power but was under an irresistible obligation to ‘ ‘ correct the record of the verdict so as to express correctly what the jury has decided ”.
In Savko (supra) it appeared that the jury, again in a case involving a single plaintiff against a single defendant, announced a finding of £ ‘ negligence on both parts ’ ’ and when asked by the court whether they found ‘ ‘ in favor of the defendant ’ ’ insisted “ on both parts there is negligence ”. Thereupon defense counsel moved that the jury be sent back for a proper verdict.
Having returned for further deliberation the jury awarded $150 to plaintiff.
In denying defendant’s motion to set aside such monetary award the learned court (now Mr. Justice Pette of the Appellate Division) first noted that “ the defendant has no cause for complaint since the jury was sent back to make a proper verdict upon the motion of its attorney ’ ’. It then quoted from Carmody, New York Practice and observed (p. 86): “ Defendant’s attorney herein failed to move that the court correct the original verdict, which apparently had been incorrectly reported owing to the lack of familiarity of the jurors with their duty. Instead said attorney made a motion in open court £ to ask that the jury be sent back for a proper verdict.’ This court was bound by the defendant’s application and the result thereof is binding upon it.”
*932 Clearly inferable from the foregoing is the conclusion that if defendant’s attorney had moved “ that the court correct the original verdict ’ ’ its application would have been granted and the verdict recorded as one in favor of defendant.
That is precisely what happened here. The court exercised its undoubted power to correct the jury’s verdict and no reason has been shown why that exercise of power should now be overturned or reversed.
Plaintiff De Vito relies heavily also on Conrey v. Metropolitan St. Ry. (73 App. Div. 518). In that case the jury’s verdict was sealed and was stated in writing to be “ for defendant with recommendation to the court to award plaintiff $300 as compensation for her losses ”.
The trial court declined to direct entry of the foregoing as a verdict for defendant and, upon appeal, the Appellate Division, First Department, affirmed.
This court is unable to perceive upon what basis this holding is conceived to warrant granting of the instant application.
There the two halves of the verdict were inconsistent with each other; here they are wholly consistent and make it evident beyond argument or even discussion that all six jurors had concluded and were agreed that both drivers had been negligent and that one driver (Knettel) was more negligent than the other (De Vito). There it was found impossible to ascertain whether the jurors intended to reject plaintiff’s claims and award their verdict to defendant or to compensate plaintiff to the extent of $300; here we have no such problem for the verdict here rendered is crystal clear in finding both drivers at fault and then, in an obvious excess of enthusiasm, undertaking to Aveigh their comparative contributions to the accident and finally attempting to make an aAvard based upon such abortive comparison.
There it was said that it was possible that the jurors had, when writing out their sealed verdict inadvertently written the word “ defendant ” when intending to write “ plaintiff ”. Here no such possibility exists for the jurors, when questioned by the court, unanimously acknowledged that they had in fact found both drivers negligent and then undertaken to make an award predicated upon a comparison of the relative culpability of the two drivers.
It seems to this court that no amount of argument can obscure the simple facts hereof: this jury, under instructions which clearly and correctly stated the rules by which they were to be guided, found both drivers at fault; they stated this finding *933 in language which is plain and unmistakable and not tentative and uncertain as plaintiff De Vito now contends; the finding of joint responsibility should have terminated (and, as matter of law, did terminate) their function and anything else they found or said was beyond their competence.
At the argument of this motion the court indicated that it then felt that perhaps the Appellate Term should be asked to review this matter upon an abbreviated record. However after further study and careful consideration it now believes that the action taken by it upon the incoming of the verdict was so clearly correct and this application is so obviously meritless that the Appellate Term should not be burdened therewith.
Accordingly the entire motion is denied for lack of any merit therein.