Julius Schwartz, J.
The facts involved in this submission seem to be of first impression. This action was instituted by the plaintiff to recover from the defendant insurance company an amount representing the balance due the plaintiff from one Eugene Slaughter, Jr. pursuant to a retail installment contract signed by the latter, which contract was in turn transferred to the plaintiff for value.
It is conceded that on March 11, 1969, the plaintiff filed a financing statement with the Clerk of the County of Suffolk covering a motor vehicle owned by one Eugene Slaughter,. Jr. It is also conceded that by virtue of such filing the defendant had at least constructive notice of the plaintiff’s security interest in the motor vehicle.
While this security interest was still held by the plaintiff, its obligor, Slaughter, was involved in an automobile accident with a driver represented by the defendant insurance company. Sometime later that claim was adjusted by the defendant with Slaughter for the sum of $1,200 which the defendant paid to Slaughter.
As part of the settlement the motor vehicle covered by plaintiff’s security interest was transferred by bill of sale to the defendant on or about February 16, 1972. Defendant claims, however, that it never took possession of what was left of the vehicle after the accident claiming it was a total loss and had no value. Defendant permitted Slaughter to keep the vehicle for whatever salvage value he could realize.
Thereafter, Slaughter defaulted in making the installment payment due June 13,1972. The plaintiff, under the security agreement, declared the entire unpaid balance immediately due and payable and demanded that the defendant pay the amount of that liability namely $691.63 plus legal fees. The total liability of defendant therefore, as claimed by the plaintiff, is $795.37.
The parties have agreed in their submission that the judgment must be either $795.37 for the plaintiff or • a judgment for defendant.
The plaintiff relies upon the liability imposed on a purchaser of collateral under section 9 — 201 of the Uniform Commercial Code. That section provides that except as otherwise provided in the act, a security agreement “is effective according to its terms between the parties, against purchasers of the collateral and against creditors ”. (Emphasis added.)
*851 Thus we have before the court a situation where although the value of the car purchased by the defendant under its settlement may have been nil at that time, the defendant still faces liability by virtue of section 9-201 of the Uniform Commercial Code.
It has been argued that it is unconscionable for this type of liability to be imposed upon the defendant. However this court must be guided by the statutes and any change therein can only be made by the Legislature.
In looking into the history of the Uniform Commercial Code we find among its many intentions was protection of those who advance moneys on the sale of merchandise, such as the car involved here. In order to reach that result the Legislature imposed certain obligations. It is the obligation of the seller to comply with all the filing provisions set forth in the .Uniform Commercial Code. In turn, the buyer or any one claiming through him, in this ease the defendant, must be charged with searching the records to establish what obligation, if any, it may incur by reason of a transaction in which it purchases a chattel secured as provided in the Uniform Commercial Code.
The court feels that the defendant has been neglectful in its obligation in not perusing the record before it entered into the settlement with the plaintiff’s obligor. Since the defendant is not one of the parties defined by section 9-307 of the Uniform Commercial Code, namely a buyer of automobiles in the ordinary course of business, it is not protected from its obligation under the security interest the plaintiff has perfected.
Harsh though it may seem in view of the circumstances the court is bound to follow the statutes providing for the proper conduct of business under the Uniform Commercial Code provisions and, therefore, must find for the plaintiff in the agreed upon amount.
Upon the submission of agreed facts and the stipulations made on the record herein the court finds for the plaintiff in the sum of $795.37 together with interest from June 13, 1972 plus costs and disbursements.