■ Pogo Holding Corporation, Respondent, v New York Property Insurance Underwriting Association, Appellant. — In an action to recover the proceeds of two fire insurance policies, defendant appeals from an order of the Supreme Court, Queens County (Miller, J.), dated December 20, 1982, which set aside the jury verdict in favor of defendant, granted plaintiff's motion to strike defendant's first, third and fifth affirmative defenses, directed a new trial with respect to plaintiff's causes of action and defendant's fourth affirmative defense, and restored the action to the Trial Calendar. Order reversed, with costs, jury verdict in favor of defendant reinstated, and matter remitted to the Supreme Court, Queens County, for the entry of a judgment dismissing the complaint. This action was commenced to recover on two policies of fire insurance issued by defendant to plaintiff covering two buildings owned by plaintiff, located at 320 Beach 43rd Street and 320A Rear Beach 43rd Street, Far Rockaway, New York. These buildings sustained fire damage on September 24, 1974. The policies insured plaintiff against direct loss and damage by fire, not to exceed $40,000 and $15,000, respectively. The policies contained the following standard provision: "This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured thereon, or in case of any fraud or false swearing by the insured relating thereto." Defendant served an answer in which it asserted, *inter alia,* the following affirmative defenses: willful misrepresentations and false swearing with respect to the actual cash value of the property stated in plaintiff's proofs of loss, and willful misrepresentations and false swearing during the examination, under oath, of plaintiff's treasurer, Martin Portnoy. A jury trial was held in May and June, 1982. Plaintiff's first witness was its treasurer and 50% shareholder, Martin Portnoy, who testified that the property in question had been purchased in 1972 for the sum of $12,000, and that numerous improvements had been made to the property. Several bills were introduced into evidence which revealed that plaintiff expended approximately $12,000 in making the improvements. According to Portnoy, just prior to the fire the gross rents that were being collected from the premises amounted to a little over $15,000. Portnoy further testified that although he filed proofs of loss after the fire, he never received payment from defendant. In the proofs of loss, plaintiff claimed the damage to its property was $55,000, the full value of the two insurance policies. On cross-examination, Portnoy was questioned about a letter mailed to defendant for the purpose of providing information about plaintiff's claim for the damage to the premises in question. In the letter, the gross monthly rental income prior to the loss for 320 Beach 43rd Street was reported to be $508 and the rental income during the 12 months prior to the loss was reported to be $8,340. With respect to 320A Rear Beach 43rd Street, the gross monthly rental income was reported to be $350 while the rental income during the 12 months prior to the loss was reported to be $6,882. Portnoy could provide no figures with regard to plaintiff's monthly operating expenses. Albert Frankel, a licensed real estate broker testifying for plaintiff, estimated that the value of the damaged structures and the underlying land prior to the fire was $61,700. Frankel

arrived at that figure by computing the square-foot price of similar buildings in the area. Frankel later admitted that the property in question was located in a deteriorating neighborhood. Defendant's witness, James O'Malley, a licensed real estate broker, testified that after considering such factors as the area, sales in the neighborhood, estimated expenses and the rental income supplied by plaintiff, the actual cash value of the premises in question prior to the fire was $10,500. After both sides rested, plaintiff moved to dismiss defendant's affirmative defenses. The court reserved decision with respect to the defenses alleging that plaintiff swore falsely or willfully misrepresented material facts in its proofs of loss and in the examination under oath. Upon charging the jury, the court submitted written interrogatories to the jury. Neither party objected to the interrogatories. One of the questions asked was "Did plaintiff falsely swear to or misrepresent a material fact?" The jury answered this question in the affirmative. After polling the jury, the court addressed itself to plaintiff's motion to dismiss the affirmative defenses alleging misrepresentations and false swearing in plaintiff's proofs of loss and at the examination under oath. The court indicated that both defenses were embraced by the single question which resulted in the jury finding that there was false swearing or misrepresentation of a material fact. The court stated it would now separate the two defenses into two separate questions so that it could evaluate the basis of the finding that there was false swearing or misrepresentation as to a material fact. Defendant's attorney objected to the court's refusal to accept the verdict as is. Thereafter, the court instructed the jury as follows: "Members of the jury: You found by your answer to question number 1(b) that the plaintiff falsely swore to or misrepresented a material fact. Now, the defendant in the defense of this action claimed that the plaintiff falsely swore to or misrepresented a material fact in two instances: First, the defendant claims that the plaintiff falsely swore or misrepresented a material fact during its examinations before trial with respect to questions posed to it by the defendant. Secondly, the defendant claimed that the plaintiff fasely [sic] swore or misrepresented a material fact in its proofs of loss with respect to the value of the property. Now, I would want you to return to the juryroom [sic] and continue your deliberations so that you can now be more specific in your findings. You are to determine whether the plaintiff falsely swore to or misrepresented a material fact either during its examinations before trial or in its proofs of loss or both." After further deliberations, the jury returned with the following findings: "With respect to paragraph 11 and 12 of deposition of January 31, 1975 discrepancies occur with respect to monthly and yearly income prior to loss. Lack of records which failed to substantiate the finances of the [plaintiff] Corporation. [Plaintiff] Misrepresented the values of the houses 320 and 320A Beach 43rd Street. There was [sic] serious doubts with the members of the jury as to the truthfulness of the plaintiff with regard to his [sic] lack of information in answering questions pertinent to the operation of the business." Because the jury's findings were not in the form of a verdict, the court further instructed the jury and resubmitted the two disputed questions in written form. After requesting instruction as to the definition of a "material fact", the jury answered both these questions in the negative, finding that plaintiff had not falsely sworn to or misrepresented a material fact in its proofs of loss nor at the examination under oath. The court found these answers to be inconsistent with the answers on the first verdict form and set aside the jury's original verdict. The court also struck, *inter alia,* defendant's affirmative defense alleging false, fraudulent and willful misrepresentation by plaintiff as to the actual cash value of the subject premises in its proofs of loss, although it denied that branch of plaintiff's motion which was to dismiss the affirmative defense alleging misrepresentation and false swearing at the examination

under oath. Because of the irreconcilable inconsistency of the jury's verdicts, the court ordered a new trial as to plaintiff's causes of action and the remaining defense. Defendant argues on appeal that the trial court erred in requiring the jury to reconsider its first verdict because there was ample evidence to support a finding of false swearing and misrepresentation of material facts by plaintiff in both the examination under oath and its proofs of loss. We agree that the trial court's failure to enter judgment on the original verdict was error. Accordingly, the matter is remitted for the entry of an appropriate judgment. It is well established that the power of the court to require a jury· to reconsider a verdict already rendered should be exercised sparingly (*Snyder v Bopp,* 240 App Div 989, affd 264 NY 576, mot for rearg den 264 NY 670). Case law provides that judicial intervention is authorized where there is substantial confusion or ambiguity in the verdict (*Porret v City of New York,* 252 NY 208; *Wingate v Long Is. R. R.,* 92 AD2d 797). In this case, the court erred in sending the jury back for further consideration of its initial verdict because the jury's answers were clear and required no further elucidation. Furthermore, there was ample evidence in the record to support the jury's finding that plaintiff misrepresented material facts in its proofs of loss and examination under oath. Defendant's claim that plaintiff falsely swore to or misrepresented material facts in its proofs of loss was supported by the following evidence. The entire property, including both buildings, was purchased two years prior to the fire for $12,000. Defendant's appraiser valued the entire property at $10,500, and further noted that the property was located in a deteriorating neighborhood. Given the fact that plaintiff valued the properties for the purpose of claiming insurance proceeds from defendant at $55,000, a figure approximately five times greater than the appraised value of the property set by the defendant's appraiser and the price of the property when purchased by plaintiff just two years earlier, the jury was entitled to find that the claim was so grossly excessive as to constitute false swearing and misrepresentation (see *Hermanos v Royal Exch. Assur. Co.,* 23 F2d 270; *Domagalski v Springfield Fire & Mar. Ins. Co.,* 218 App Div 187). We also note that although plaintiff's part owner and officer, Mr. Portnoy, testified that the annual rental income from the property was approximately $15,000, his letter to defendant indicated the maximum potential rental income from the property was only $10,296. This discrepancy was never explained. Thus, the jury's finding with respect to the proofs of loss should have been accepted. A reading of the pretrial testimony of plaintiff's officers indicates that their answers to questions were often vague and unresponsive. Plaintiff, by its officers, failed to satisfy its obligation to assist defendant by providing information to help defendant investigate the claim in issue. The concern expressed by the jury with regard to the failure to produce substantiation of the finances of plaintiff, and the lack of knowledge testified to by these officers with regard to the operation of their own business, justified the conclusion that there were material misrepresentations in their pretrial testimony. In light of the foregoing, the initial jury verdict should have been accepted. We remit this matter so that judgment may be entered in accordance with that verdict. Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.