■ ATLAS FEATHER CORP., Respondent-Appellant, v PINE TOP INSURANCE COMPANY, Appellant-Respondent.—In a consolidated action to recover under a policy of insurance, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated October 18, 1985, as granted those branches of the plaintiff's motion which were to dismiss its first, second and fifth affirmative defenses and denied that branch of its cross motion which was for partial summary judgment, and (2) the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was to dismiss the defendant's third affirmative defense.

Ordered that the order is modified, on the law, by deleting the provisions thereof which (1) granted those branches of the plaintiff's motion which were to dismiss the first, second and fifth affirmative defenses, (2) denied that branch of the plaintiff's motion which was to strike the third affirmative defense, and (3) denied that branch of the defendant's cross motion which was for partial summary judgment, and substituting therefor provisions (1) denying those branches of the plaintiff's motion which were to strike the first, second, and fifth affirmative defenses, (2) granting that branch of the plaintiff's motion which was to strike the third affirmative defense, and (3) granting that branch of the defendant's cross motion which was for partial summary judgment, to the extent of limiting the plaintiff's recovery on the first cause of action to $50,000 and limiting the plaintiff's recovery on the second cause of action to $1,600,000. As so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The court erred in refusing to strike the third affirmative defense, pursuant to which the defendant alleged that the plaintiff knowingly made false statements and misrepresentations in order to procure the policy of insurance in issue. The defendant failed to offer any reasonable explanation as to why the facts essential to justify opposition to dismissal of that defense could not be stated *(see,* CPLR 3211 [d]). Thus, the third affirmative defense should have been stricken.

The court also erred in striking the first, second, and fifth affirmative defenses. The evidence proffered by the defendant to the effect that an insurance investigator estimated the amount of damages sustained by the plaintiff on July 29, 1981

at between approximately 20% and 44% of the amount of damages claimed by the plaintiff was sufficient to raise an issue of fact as to the first affirmative defense, whereby it was alleged that the plaintiff fraudulently misrepresented the amount of damages it sustained *(see, Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 97 AD2d 503, *cross appeal dismissed* 61 NY2d 756, *affd* 62 NY2d 969; *Saks & Co. v Continental Ins. Co.,* 23 NY2d 161; *Domagalski v Springfield Fire & Mar. Ins. Co.,* 218 App Div 187). An issue of fact was also raised as to whether or not a portion of the damages claimed by the plaintiff under the second cause of action was excluded under the provision of the insurance policy which excludes coverage for any loss resulting from loss of weight unless such loss or damage is directly caused by fire. Thus, the second affirmative defense should not have been stricken. Also, the plaintiff failed to establish that the fifth affirmative defense had no merit.

Finally, the defendant is entitled to partial summary judgment to the extent of dismissing the complaint insofar as the plaintiff sought damages in excess of $50,000 on its first cause of action and $1,600,000 on its second cause of action. The insurance policy under which the plaintiff's claim is being made contains a $50,000 liability sublimit for water damage, from whatever cause, and a $1,600,000 liability limit in any one casualty or disaster. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.