■ ROSA LILLEDAHL et al., Respondents v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Duskas, J.), entered March 16, 1989 in Franklin County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered May 3, 1989 in Franklin County, which, *inter alia,* denied defendant's motion to set aside the verdict.

Plaintiffs owned a home in the Town of Fort Covington, Franklin County, which was destroyed by fire during the night of October 31, 1982. After defendant, which had issued a policy of fire insurance for the property, refused to pay, plaintiffs commenced this action to recover damages. Defendant alleged arson and fraud as defenses. Following a bifurcated trial before a jury, plaintiffs were awarded $54,600 for the loss of the house and $4,000 for personal property loss. Defendant's motion to set aside the verdict was denied. These appeals followed.

Defendant first argues that Supreme Court erred in failing to grant its motion to dismiss at the conclusion of plaintiffs' proof. Defendant claims that plaintiffs' proof of loss form was fraudulent in that it failed to recite an existing mortgage at the time of loss and inaccurately indicated that plaintiffs resided at the property at the time of loss. Regarding the first claim of fraud, it appears that the omitted mortgagee was a carpenter who had worked on the house and who was not listed as a payee on the insurance policy. Defendant fails to articulate any prejudice resulting from this omission so that plaintiffs' oversight on this point cannot be characterized as being of a material nature *(see,* Insurance Law § 3404 [e] ["This entire policy shall be void if * * * the insured has wilfully concealed or misrepresented any *material* fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein" (emphasis supplied)]) and thus is unable to support defendant's claim of fraud as a matter of law. Under such circumstances, we see no error in Supreme Court's failure to dismiss on this ground.

Similarly, we cannot fault Supreme Court's ruling with regard to the alleged lack of occupancy. Although plaintiffs testified that they had moved from the Fort Covington property shortly before the fire, there was evidence that this move

was accomplished to accommodate their work schedule, that the Fort Covington property was considered their home and that they returned there on weekends. Under such circumstances, we cannot say that the question of occupancy should have been resolved as a matter of law against plaintiffs after presentation of their proof.

Defendant next contends that Supreme Court erred in denying its posttrial motion to dismiss due to the substantial difference between the damages sought by plaintiffs, totaling some $116,000, and the award of $58,600. Contrary to defendant's contention, the failure to recover for all of a claimed loss does not establish fraud unless there is no good-faith basis for the claim (see, Saks & Co. v Continental Ins. Co., 23 NY2d 161, 165). The presumption of fraud that arises when an insured can prove only a small percentage of claimed loss becomes conclusive only where the explanation for the discrepancy is so outlandish that it cannot be believed (supra, at 165-166).

In this case, the liability portion of the trial was hotly contested. Plaintiffs presented witnesses who identified the lost items as in the house before the fire. Defendant offered testimony of fire investigators to show that no remains of the claimed property were identified. At the damage portion of the trial, plaintiffs presented appraisers to attest to the values of the claimed lost items. This proof simply raised a question of fact for the jury to resolve (see, Atlas Feather Corp. v Pine Top Ins. Co., 128 AD2d 578, 579). Indeed, plaintiffs' proof stands in marked contrast to that presented in Saks & Co. v Continental Ins. Co. (supra, at 167), relied on by defendant, where the insured's conduct and explanations were at complete odds with his claim thereby indicating an intent to defraud. Because a verdict should be set aside only where there is no fair interpretation of the evidence to support it (see, Frasier v McIlduff, 161 AD2d 856, 858) and the record reveals sufficient rationale for plaintiffs' claims to refute an intent to deceive, we cannot say that Supreme Court erred in denying defendant's motion.

Judgment and order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.