■ ELPIDIO BADILLO et al., Appellants, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent. (And a Third-Party Action.) [663 NYS2d 207] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 24, 1997, denying plaintiffs' motion for summary judgment, unanimously reversed, on the law, with costs, and summary judgment granted.

On April 12, 1994, plaintiffs' tenant 75-27 B&F Supermarket, Inc., which was insured by defendant Tower, sustained a fire loss to its premises in Flushing. B&F submitted a sworn proof-of-loss to Tower, wherein it represented that there were no encumbrances on the destroyed property, and that no one else had an interest therein. Without independently checking the veracity of this assertion, Tower paid $70,000 in insurance proceeds to B&F in December 1994.

By letter dated April 25, 1995, the Badillos contacted Tower, asking that it advise them whether Tower, or any other

insurer, had paid or intended to pay fire insurance proceeds to B&F. The Badillos claimed that B&F had executed a security agreement in their favor, pledging as collateral any future fire insurance proceeds.

After being informed that Tower had already paid B&F, the Badillos commenced an action against Tower for recovery of the $70,000, plus interest. Plaintiffs alleged that Tower had constructive and actual notice of plaintiffs' interest from certain UCC-1 financing statements, and from B&F's lease, which required it to insure the landlord's interest in the premises.

In response, Tower claimed lack of notice. It asserted that there were issues of fact concerning the validity of B&F's debt and the Badillos' security agreement, the possible contributory negligence of the Badillos in causing the fire and other issues. Furthermore, Tower argued that the policy was void due to B&F's misrepresentations that the insured property was unencumbered, and since plaintiffs' rights were derivative of the rights of the insured, they could not recover. Tower also commenced a third-party action against B&F, its principals and others, seeking recovery of the proceeds paid to B&F.

The Supreme Court denied plaintiffs' motion for summary judgment. It stated that the UCC-1 filing of the security interest was not a sufficient basis for granting summary judgment, because the plaintiffs' submissions merely consisted of uncertified documents, namely the UCC financing statement and the filing stamp of the Queens County Clerk. After noting that discovery had not yet taken place, the court found that defendant's opposition papers demonstrated that facts sufficient to defeat the motion might exist but could not yet be stated. It therefore denied the motion, with leave to renew upon completion of discovery. This was error.

First, as to the sufficiency of plaintiffs' motion papers, the submission of uncertified documents is, at most, a technical irregularity that should not prevent the court from considering the documents unless the opponent of summary judgment sets forth objections (*Hartford Acc. & Indem. Co. v Transamerica Ins. Co.*, 141 AD2d 423, 425). Defendant's affirmations in opposition contain no such objections.

Second, the UCC-1 statements submitted by plaintiffs completely defeat defendant's claim of lack of notice. Filing of a financing statement perfects a security interest (UCC 9-403), and puts third parties on constructive notice thereof (*Matter of Chase Manhattan Bank v State of New York*, 40 NY2d 590, 594-595; *General Motors Acceptance Corp. v Allstate Ins. Co.*, 77 Misc 2d 849, 851). If Tower had been diligent and discovered

and read the UCC-1 statements, it would have had no doubt that the insurance proceeds should be paid to the Badillos and not to B&F. The statements which were filed with the Queens County Clerk clearly define the collateral as, *inter alia,* "all insurance proceeds * * * at store located at 75-27 Parsons Blvd., Flushing, New York." UCC 9-306 (1) similarly defines "proceeds" to include "[i]nsurance payable by reason of loss or damage to the collateral".

Finally, Tower's claim that the policy is void for fraud has no merit. Tower does not argue that B&F fraudulently induced it to *issue* the policy, or that B&F breached any of the policy conditions *before* the loss occurred. Nor does Tower claim that B&F lied about the existence and extent of the loss. Thus, coverage existed at the time of the loss, and B&F provided accurate information on which Tower based its coverage determination.

B&F's only misrepresentation concerned the proper recipient of the proceeds after the valid claim was submitted. B&F's false statements in this regard did not influence Tower to issue a policy that it otherwise would not have issued, or to set lower premiums based on an inaccurate conception of the risk, or to pay an excessive amount after the loss. Thus the statements cannot be deemed a material misrepresentation which would justify voiding the insurance policy (*Lilledahl v Insurance Co.,* 163 AD2d 696 [3d Dept 1990]). All that the misrepresentation accomplished was to eliminate the Badillos as the recipient of the loss proceeds under their perfected security interest.

Moreover, a contrary result would mean that an insured could unilaterally defeat a third party's perfected security interest in the proceeds simply by telling the insurer that no security interest existed. Such an outcome would render security agreements nullities. It would also contradict the UCC's implication that when a financing statement has been filed, third parties may not claim ignorance of the security interest by relying on the debtor's statements to the contrary.

Since the insurance policy was valid, and the UCC-1 filing gave defendant constructive notice of the perfected security agreement, there is no triable factual issue with respect to defendant's duty to pay the plaintiffs. Defendant should not be allowed to conduct further discovery as a "fishing expedition" for possible factual issues whose existence is currently only speculative, and which would be irrelevant in any event.

Accordingly, the order is reversed and plaintiffs' motion for summary judgment is granted. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.